### BATTAGLIA et al. v. BATTAGLIA et al.[*] (No. 1946.)

(Court of Civil Appeals of Texas. El Paso. Dec. 30, 1926. Rehearing Denied Jan. 20, 1927.)

1. **Army and navy ⊶51½, New, vol. 12A Key-No. Series—Contract relations, under war risk insurance, are between government and insured.**

Contract relations, under certificates of war risk insurance, are between the government and the insured.

2. **Army and navy ⊶51½, New, vol. 12A Key-No. Series—Constitutional law ⊶93(1) —Beneficiaries of war risk insurance have no vested rights, and amendments after death of insured are valid.**

Beneficiaries of certificates of war risk insurance, after the death of the insured, have no vested interest, and hence amendments retroactively affecting their rights are valid.

3. **Army and navy ⊶51½, New, vol. 12A Key-No. Series—Rights of persons who would have been sole heirs at law on date of death of insured, had beneficiary predeceased insured, held governed by act in force at beneficiary's death (Act Sept. 2, 1914, as amended by Act Oct. 6, 1917 [U. S. Comp. St. § 514a et seq.]; Act Oct. 6, 1917, § 402, as amended by Act June 25, 1918 [U. S. Comp. St. § 514uuu]; Act Dec. 24, 1919, § 15 [U. S. Comp. St. § 514vv(1)]; Act June 7, 1924, §§ 600–602 [U. S. Comp. St. §§ 9127½—600 to 9127½—602], § 303, as amended by Act March 4, 1925, § 14 [U. S. Comp. St. § 9127½—303]).**

Under Act Sept. 2, 1914, as amended by Act Oct. 6, 1917 (U. S. Comp. St. § 514a et seq.) § 402 of Act Oct. 6, 1917, as amended by Act June 25, 1918 (U. S. Comp. St. § 514uuu); Act Dec. 24, 1919, § 15 (U. S. Comp. St. § 514vv[1]); Act June 7, 1924, §§ 600–602 (U. S. Comp. St. §§ 9127½—600 to 9127½—602), and section 303, as amended by Act March 4, 1925, § 14 (U. S. Comp. St. § 9127½—303), rights of persons who would have been the sole heirs at law on date of death of insured, had beneficiary of war risk insurance policy preceded him in death, held not governed by Act Dec. 24, 1919, § 15, in force at date of beneficiary's death, where beneficiary survived insured and died prior to receiving all of the 240 installments payable under policy, thereby rendering Act June 7, 1924, § 303, as amended by Act March 4, 1925, applicable, which act is retroactively effective to October 6, 1917, repealing by implication all intervening conflicting laws, and whose effect was to constitute as an asset of the estate of insured the right to the proceeds of the insurance contingent upon the designated beneficiary surviving insured and dying before all monthly installments had been paid.

4. **Army and navy ⊶51½, New, vol. 12A Key-No. Series—Right to war risk insurance held to vest in estate of designated beneficiary and sole heir, where such person died before receiving all payments (Act June 7, 1924, particularly § 303, as amended by Act March 4, 1925, § 14 [U. S. Comp. St. § 9127½—303]; Rev. St. 1925, art. 3314).**

Under Act June 7, 1924, particularly section 303, as amended by Act March 4, 1925, § 14 (U. S. Comp. St. § 9127½—303), constituting, except in certain cases, war risk insurance an asset of the estate of insured contingent on designated beneficiary surviving insured and dying before payment of all installments, and, under Rev. St. 1911, art. 3235 (Rev. St. 1925, art. 3314), vesting all estate of insured in sole heir at law, where designated beneficiary and sole heir at law was same person and died before receiving all payments of insurance, held that his estate was entitled to proceeds of insurance.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action in county court between Florence Flora Battaglia and others and Charles Battaglia and others. From a judgment rendered on appeal to the district court, Florence Flora Battaglia and others appeal. Reversed and rendered.

Turney, Burges, Culwell, Holliday & Pollard, S. P. Weisiger, S. J. Dodson, and W. O. Hamilton, all of El Paso, for appellants.

R. A. D. Morton, of El Paso, for appellee.

HIGGINS, J. This action involves the right of rival claimants to the sum of $7,854 in the hands of the First National Bank of El Paso, Tex., as administrator of the estate of Chas. W. Battaglia, deceased.

The deceased was a soldier and resident of Texas. His father was Paul Battaglia. The deceased died in France, intestate, in October, 1918. He had, at the time, a small estate in money, diamond rings, and watches. At the

---

⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[*]Writ of error granted March 9, 1927.

time of his death, his sole heir at law was his father. On November 24, 1917, the United States government, under the provisions of the War Risk Insurance Act, issued a yearly renewable term insurance policy or certificate on the life of the deceased. This insurance was in force at the time the insured died. Paul Battaglia was designated as beneficiary in the application for such insurance. On January 11, 1919, the bureau of war risk insurance awarded said insurance to Paul Battaglia. The monthly payments awarded were paid to Paul Battaglia until his death which occurred April 12, 1924. Paul Battaglia died intestate, leaving as his sole heir at law his wife, Florence Flora Battaglia, appellant here, and the stepmother of Chas. W. Battaglia at the time of the latter's death. Thereafter there was paid to the above-named administrator of the estate of Chas. W. Battaglia said sum of $7,854, as the computed value of the unpaid monthly installments payable under the policy of insurance. The exact date this payment was made to the administrator is not shown, but it was some time subsequent to March 4, 1925, for in the letter of transmittal, under the heading, "Reasons for Payment," it was stated:

"Remaining installments of insurance due and payable under section 303 of the Act of March 4, 1925."

The letter itself is not in the record, but said quotation is.

The appellees are the uncles and aunts of Chas. W. Battaglia and would have been his sole heirs at law on the date of his death, had Paul Battaglia preceded Chas. W. Battaglia in death.

This contest originated in the county court of El Paso county, and from the judgment there rendered an appeal was taken to the district court, where judgment was rendered awarding to appellees the sum in controversy.

Under the Act of October 6, 1917, a stepmother is within the permitted class of beneficiaries, and by subsequent amendments the permitted class was enlarged so as to embrace uncles and aunts.

The original War Risk Insurance Act was approved September 2, 1914 (U. S. Comp. St. §§ 514a–514j).

This act was very limited in its scope and has no present application. It was amended by an act approved October 6, 1917 (40 Stat. at L. 398 [U. S. Comp. St. § 514a et seq.]). Under article 4, in section 402 of this amendment (U. S. Comp. St. § 514uuu), it was provided:

"If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the state of the residence of the insured be entitled to his personal property in case of intestacy."

Section 402 was amended by an act approved June 25, 1918 (40 Stat. at L. 609, § 21 [U. S. Comp. St. § 514uuu]). The section, as amended, need not be quoted as it has no present application.

By an act approved December 24, 1919, the War Risk Insurance Act was amended and modified. Acts 66th Congress, Sess. II, c. 16, p. 371. Section 15 of that act reads:

"Sec. 15. That if any person to whom such yearly renewable term insurance has been awarded dies, or his rights are otherwise terminated after the death of the insured, but before all of the two hundred and forty monthly installments have been paid, then the monthly installments payable and applicable shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the state of residence of the insured, be entitled to his personal property in case of intestacy; and if the permitted class of beneficiaries be exhausted before all of the two hundred and forty monthly installments have been paid, then there shall be paid to the estate of the last surviving person within the permitted class the remaining unpaid monthly installments." U. S. Comp. St. § 514vv(1).

On June 7, 1924, there was approved "An act to consolidate, codify, revise, and re-enact the laws affecting the establishment of the United States Veterans' Bureau and the administration of the War Risk Insurance Act, as amended, and the Vocational Rehabilitation Act, as amended."

See Acts 68th Congress, Sess. I, c. 320, p. 607.

Section 303 of this act (U. S. Comp. St. § 9127½—303) reads:

"If no person within the permitted class of beneficiaries survive the insured, or if before the completion of payments the beneficiary or beneficiaries shall die and there be no surviving person within said permitted class, then there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable under the provisions of this title: Provided, that in cases where the estate of the insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate of the insured but shall escheat to the United States and shall be credited to the United States government life insurance fund or the military and naval insurance appropriation, as may be proper. This section shall be deemed to be in effect as of October 6, 1917."

Sections 600 and 601 of that act (U. S. Comp. St. §§ 9127½—600, 9127½—601) repealed the War Risk Insurance Act, as amended, and other acts therein described, but in section 602 (U. S. Comp. St. § 9127½—602) it was provided:

"Sec. 602. The repeal of the several acts as provided in sections 600 and 601 hereof shall not affect any act done or any right or liability accrued, or any suit commenced before the said repeal, but all such rights and liabilities under said acts shall continue and may be enforced in

the same manner as if said repeal had not been made."

The Act of June 7, 1924, was amended by an act approved March 4, 1925, and thereby section 303 of the Act of June 7, 1924, was amended so as to read:

"Sec. 303. If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, that all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, that no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment: Provided further, that in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917." U. S. Comp. St. § 9127½—303.

[1, 2] Certificates of insurance, under the War Risk Insurance Act, were issued subject to the provisions of the act and amendments thereto and all regulations then or thereafter adopted. The contract relations were between the government and the insured. White v. U. S., 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530. It has been uniformly held that the beneficiaries of the contract, after the death of the insured, have no vested interest, and the validity of amendments retroactively affecting their rights have been uniformly upheld; in this respect, the contract differing from the ordinary insurance contract. White v. U. S., supra, Id. (D. C.) 299 F. 855; Helmholz v. Horst (C. C. A.) 294 F. 417; Cassarello v. U. S. (D. C.) 271 F. 486; Salzer v. U. S. (D. C.) 300 F. 764.

[3] Upon the date of Paul Battaglia's death, the Act of December 24, 1919, was in force. Appellees claim that the rights of the parties are governed by that act and they are entitled to the fund in controversy, under section 15 thereof; that their rights "accrued" under that act and were protected from the repealing feature of the Act of June 7, 1924, by section 602 thereof. They further insist that nobody had any vested interest in the proceeds of the insurance and its devolution did not take place until the death of Paul Battaglia, and at that time they were the only persons answering the description of heirs at law of the deceased soldier, under the Texas laws of descent and distribution.

This is a case where the designated beneficiary, Paul Battaglia, survived the insured and died prior to receiving all of the 240 installments. It thus falls squarely within the provisions of section 303, as amended by the Act of March 4, 1925. This act was retroactively effective as of date October 6, 1917. It thus repealed by necessary implication all intervening conflicting laws governing the disposition of the proceeds of a policy of insurance, in cases where the designated beneficiary survived the insured, but died before all of the monthly installments were paid to him. The only rights which were protected from its operation were awards of yearly renewable term insurance in course of payment on the date of approval of the act and awards of such insurance which had been made to the estate of a last surviving beneficiary. Appellees do not claim any protection under these saving features of the amendment, and it is apparent they have none, for the payment was made to the administrator under the Act of March 4, 1925. This payment would not have been so made if there had been any previous award which was excepted from the operation of the act. Appellees therefore have no claim under any law prior to March 4, 1925.

The effect of the Act of March 4, 1925, was to retroactively constitute as an asset of the estate of Chas. W. Battaglia the right to the proceeds of the insurance contingent upon the designated beneficiary surviving the insured and such beneficiary dying before all the monthly installments had been paid, and no previous awards in course of payment or made to the estate of a last surviving beneficiary.

[4] The only remaining question is whether the devolution of the fund in the hands of the administrator of Chas. W. Battaglia, deceased, is to be traced under the laws of Texas as of the date of his death, or as of the date of the death of Paul Battaglia. Under article 3235, R. S. 1911 (art. 3314, R. S. 1925), all of the estate of Chas. W. Battaglia immediately upon his death vested in his sole heir at law, Paul Battaglia, liable and subject to the payment of the debts of the deceased and the possessory right of the administrator. Upon the death of Chas. W. Battaglia, his father, under the retroactive feature of the law of March 4, 1925, thus occupied as to the insurance the dual capacity of beneficiary and sole heir at law of the insured. His right as beneficiary did not destroy or in any wise impair any right which he had as heir at law. Whatever right he had as an heir passed upon his death to his sole heir, the appellant

herein. Under the above-quoted law of this state, it would, in our opinion, be wholly inadmissible to trace the devolution of the money in the possession of the administrator of the estate of Chas. W. Battaglia as an asset of that estate except through Paul Battaglia, his sole heir at law upon the date of his death. This being the case, the appellant is entitled to the money in controversy.

Reversed and rendered.