LENA CLARK, as Administratrix of the Personal Estate of FREDERICK E. CLARK, Deceased, Plaintiff, *v.* MONARCH ENGINEERING COMPANY, Defendant.

Supreme Court, Erie County, March 25, 1927.

Negligence — verdict — plaintiff's intestate was killed while at work for subcontractor of defendant — deceased was twenty-seven years old and earned $45 weekly — verdict of $22,000 not excessive — workmen's compensation — liability of third party — fact that defendant and decedent's employer had complied with Workmen's Compensation Law, § 56, requiring securing of compensation by contractor who subcontracts part of contract does not limit rights given under Workmen's Compensation Law, § 29, for negligence against third parties.

A verdict of $22,000 in favor of the plaintiff for the death of her husband through the negligence of the defendant, for whom decedent's employer was engaged as a subcontractor, on the ground that said defendant had not furnished decedent with a safe place in which to work, is not excessive and will not be set aside, where the evidence shows that decedent was twenty-seven years old and was earning $45 weekly, plus overtime, at the time of his death, and that he was in good health and steadily employed.

10

Section 56 of the Workmen's Compensation Law, which makes a contractor who subcontracts all or any part of a contract involving a hazardous employment liable for compensation to any employee injured in the course of such employment, unless the subcontractor has secured compensation for such employee so injured, is not an exclusive remedy for employees of subcontractors in hazardous employment; nor does said section limit the rights given under section 29 of the Workmen's Compensation Law for actions in negligence against all third parties.

Accordingly, the defendant, general contractor herein, notwithstanding the fact that it had secured compensation for the employees of the subcontractor which employed plaintiff's intestate, is liable for said employee's death in this third party action.

MOTION by the plaintiff for a new trial, such motion being made on the judge's minutes and in accordance with the provisions of section 549 of the Civil Practice Act.

*Bagley, Wechter, McCormick & Irvin* [*Karl A. McCormick* and *Frederick G. Bagley* of counsel], for the plaintiff.

*Love & Keating* [*George P. Keating* and *Seward H. Millener* of counsel], for the defendant.

HARRIS, J. This was an action in negligence brought to recover for the death of one Frederick E. Clark, who was killed at the Saskatchewan Elevator while employed as a workman for the Webster Manufacturing Company; said Webster Manufacturing Company was a subcontractor of the defendant herein on the construction of such elevator. The verdict of the jury was for the plaintiff in the amount of $22,000. The verdict of the jury has established that the death of the plaintiff's intestate came about through the negligence of the defendant while the plaintiff's intestate was free from contributory negligence. The allegation of negligence against the defendant was that the defendant had not furnished the plaintiff's intestate with a safe place in which to work, in that the defendant left unguarded a certain pit, in the vicinity of which the plaintiff's intestate was working.

The testimony bearing on the question of damages was that the plaintiff's intestate, at the time of his death, was twenty-seven years old; that he left a widow twenty-three years old, and two children, one about two years old and one about three years old, and that he, at the time of his death, was earning forty-five dollars a week, plus overtime, and was a man in good health, steadily employed, each week turning his check for wages over to his wife. In view of these facts, the court is of the opinion that the verdict cannot be said to be excessive.

The other question involved and considered on this motion is, so far as this court is informed, one that has never been decided

or referred to in any decision that can be found in this State. The defendant, as a defense to the alleged cause of action of the plaintiff, alleged that the defendant and the Webster Manufacturing Company, the employer of the plaintiff's intestate, had complied with the provisions of chapter 615 of the Laws of 1922, as amended, known as the Workmen's Compensation Law. On the trial the court refused to permit the defendant to prove that at the time of the employment and the death of the plaintiff's intestate, the defendant had secured compensation for the employees of the subcontractor engaged in working on the elevator. The allegations in the answer above referred to were drawn and such proof was offered under the theory that section 56 of the Workmen's Compensation Law, read and construed in connection with sections 10 and 11 of such law, provided compensation as an exclusive remedy for employees of subcontractors in hazardous employment, no matter whether the injury or death of such employees of subcontractors came from such employment under such subcontractors or from the negligence of the general contractor while such employee was free from contributory negligence. The portion of section 56 of the Workmen's Compensation Law which is pertinent to this question involved on this motion reads as follows:

" § 56. Subcontractors. A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter.   *   *   * "

The defendant herein argues that it must be inferred from the fact that by reason of the foregoing the general contractor is required to pay, under certain circumstances, compensation to employees of subcontractors, the Legislature intended that such employees should be regarded as employees of the general contractor. As has been said before, this question has never been decided or referred to in any decision that this court has been able to find in this State. The courts of the State of Massachusetts have passed on this question, but their compensation act is so dissimilar to the New York State act that this court has not been aided by the study of such decisions. In reaching this conclusion, this court has kept in mind, not only the verbiage of the Massachusetts act, but the fact that the New York State act is dependent on and grows out of the amendment of the New York State Constitution, which amendment is contained in section 19 of article I of the

Constitution. The attention of the court has also been drawn by counsel to decisions under the Ohio State act, but this court is of the opinion that such decisions are not of value in deciding the question raised on this motion. To construe section 56 of the Workmen's Compensation Law in the manner suggested by the defendant herein would result in the following: The court would be required to force into the law a new definition of the relation of employer and employee; the court would, by construction, be obliged to limit the rights given under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499), which provides for actions in negligence against all third parties; the general contractor would be relieved from all liability, no matter what his or its faults, if the subcontractor carried compensation; if the subcontractor did not secure compensation to his employees, and the general contractor did, then the employee would not be permitted, as provided by section 11, to sue the subcontractor, either for compensation or damages. In brief, the construction of section 56 asked for by the defendant herein would vitiate the specific provisions of the most important sections of the Workmen's Compensation Law. This court and any court would be reluctant to produce such a result, unless no other construction could be deduced from the contents of section 56, and only then if such section is constitutional.

This court is of the opinion that such section 56 was placed in the Workmen's Compensation Law for the purpose of guarding against general contractors subletting work to subcontractors who are irresponsible, and that the object of the Legislature in enacting such section was to provide a guaranty for the securing and payment of compensation by subcontractors to such employees as were injured in the employ of such subcontractors from occurrences growing out of such employment under such subcontractors. By enacting this provision the Legislature evidently intended, for the protection of the employee of the subcontractor, that the general contractor should stand as guarantor of the obligation of the subcontractor to the employee. This can be done without any loss on the part of the general contractor, for in making contracts with the subcontractor the element of the expense of compensation insurance is always taken into consideration, and the contract between the general contractor and the subcontractor could always provide for an allowance by the subcontractor on the contract price of any expense to which the general contractor would be put by reason of the subcontractor failing to secure and pay compensation to the employees of such subcontractor. This, to this court, seems to be a more reasonable construction of section

56, and the intention of the Legislature in enacting the same, than the construction asked for by the defendant herein. Such a provision, enacted with such an intent, would not be unconstitutional, and on the other hand, it would not create the relation of employee and employer between the general contractor and the employee of the subcontractor where, from the very nature of the definitions of the terms " employer " and " employee," such relationship does not exist.

In view of the foregoing, this court has decided to and does deny the motion of the defendant herein for a new trial.