## Sutton's Executor v. Barr's Administrator.

(Decided April 26, 1927.)

### Appeal from Mercer Circuit Court.

Army and Navy.—Under War Risk life insurance policy, under which insurance was payable in monthly payments, beneficiary could not devise unpaid balance due under policy to her granddaughter, but heirs under Ky. Stats., section 1393, of insured in being at time of beneficiary's death took amount remaining unpaid, and not those who were his heirs at his death, under Act Cong. March 4, 1925, section 14 (43 Stat. 1310).

E. H. GAITHER for appellants.

C. E. RANKIN, C. T. CORN, W. E. DOWLING and R. L. BLACK for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Fred Milton Barr was a soldier in the United States army in 1917 in France. He took out a policy of War Risk life insurance in the sum of $5,000, payable in case of death to his mother. On October 15, 1918, he was killed in France, and his mother was awarded the insurance, payable under the act in 240 monthly payments. On June 11, 1924, the mother, Matilda Sutton, died, leaving a will by which she devised what was coming to her from the government to her granddaughter. She also left her husband, Alex Sutton, surviving her. Before paying the remainder of the uncollected insurance, the United States bureau, having exclusive jurisdiction over the matter of this fund, required the appointment of an administrator for the estate of Fred Milton Barr. The appellee qualified as such administrator. The bureau paid to it, as administrator, the sum found to be due the estate of Fred Milton Barr, amounting to about $3,695. It then brought this suit to obtain the judgment of the court as to its distribution.

Fred Milton Barr left several surviving brothers and sisters, who filed their answer, claiming the entire fund. The granddaughter, who was the devisee, filed her answer claiming it under her grandmother's will. Alex Sutton filed his intervening petition claiming one-half the fund as the surviving husband of the wife, under the Kentucky Statute. The circuit court adjudged the fund

to the brothers and sisters of the deceased. The other parties appeal.

The act contained this provision as to the persons entitled to the fund:

> "The insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them, and also during total and permanent disability of the injured person." (43 Stat. 624, section 300).

Bulletin 1, issued October 15, 1917, pursuant to the act, made this provision:

> "If no beneficiary within the permitted class be designated by the insured, either in the insured's lifetime or by his last will and testament, or if any above designated beneficiaries is, or becomes disqualified or does not survive the insured, the insurance (or if any above designated beneficiary shall survive the insured but shall not receive all the installments), then the remaining installments shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the insured's place of residence be entitled to his personal property in case of intestacy."

By section 402 of the War Risk Act (U. S. Comp. St. section 514uuu), this provision was made:

> "If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award."

By section 1393, Ky. Stats., the estate of a person dying unmarried and without children descends to his mother, if the father is dead, and, if no mother, then to his brothers and sisters.

It is earnestly insisted for appellants that as by the act of Congress this money is paid to the administrator

of the deceased, the administrator holds it for distribution under the statute of Kentucky, and that the fact that the mother was the beneficiary in the policy in no way lessens her rights as the heir of her son. In other words, it is insisted that the mother takes this money as the heir of her son, and that she is no less entitled to it than she would be if she had not been named as the beneficiary in the policy.

On the other hand, it is insisted that under the act of Congress, taken as a whole, the heirs of the son in being at the time of the death of the beneficiary take the property and not those who were his heirs at his death. The circuit court adopted this view. This question is not new, but we have not been able to find any express authority upon it. It is suggested in Salzer v. United States (D. C.) 300 F. 764, but not decided.

Some force must be given to the provision of the original act that the insurance shall only be paid to certain classes of persons. It was the plain purpose of Congress in making this provision to confine the benefits of the insurance to the relatives of the deceased. If any other construction is adopted in cases like this, the bulk of the fund might go to strangers to the deceased or persons having no natural claim on him. To illustrate, the purpose of the act was to protect the beneficiary, but it was not the purpose of the act to protect, as in this case, the second husband of the beneficiary. If Mrs. Sutton took this fund she could devise it as she pleased, and so all the interest of those naturally connected with the deceased soldier could be defeated. We must give some force to the evident intention of Congress that if the designated beneficiary did not survive the insured the insurance should be payable to such persons within the permitted class of beneficiaries as would be entitled to his personnal property in case of intestacy. Plainly the same rule should apply where the beneficiary survives the insured but dies before the money is payable.

The judgment of the circuit court is in accord with the spirit and purpose of the act of Congress. Any other construction of the act would lead to a distribution of the fund in a way plainly not contemplated by Congress.

Judgment affirmed.