N. M. McDANIEL, GUARDIAN, *v.* IRA G. SLOAN,
ADMINISTRATOR.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. **DESCENT AND DISTRIBUTION. WAR RISK INSURANCE.**

War Risk Insurance is personal property and passes as such upon
the death of the insured. (Post. p. 685.)

Citing: Shannon's Code, sec. 4172.

2. **DESCENT AND DISTRIBUTION. WAR RISK INSURANCE.**
   **WIDOW.**

War Risk Insurance upon the death of the beneficiary named there-
in passes to the widow as personal estate of the insured, there
being no children, notwithstanding her remarriage. (Post, p. 686.)

3. **CONTINGENT REMAINDER. VESTED RIGHTS.**

Technical distinctions in the law of contingent remainders between
vested and nonvested rights are rendered inapplicable by the
language of the Federal statute providing that when any person
to whom such insurance is awarded dies or forfeits his rights to
such insurance then there shall be paid to the estate of the in-
sured the present value of the remaining unpaid monthly instal-
ments. (Post, p. 686.)

Citing: Veteran's Act of 1924, 18 C. J., p. 851.

---

FROM MONROE.

---

Appeal from the Chancery Court of Monroe County.
—HON. T. L. STEWART, Chancellor.

RAY H. JENKINS, for complainant, appellant.

PEACE & SLOAN, for defendant, appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

Thomas L. Cole, a soldier in the World War, effected War Risk insurance on his life, naming his father, James Cole, as beneficiary. He later married and thereafter died, leaving as his widow Mamie Evans Cole. The beneficiary, James Cole, after collecting for several years installment payments under the policy, died. Meanwhile the widow re-married. Upon the death of James Cole, who dies intestate, leaving as his sole heirs two minor sons, Ross and Woodrow, now wards of complainant McDaniel, the unpaid balance under the policy was paid in a lump sum of $3803 to defendant Ira G. Sloan, Administrator of Thomas L. Cole, who holds the fund for distribution.

(1) The question presented is whether this fund goes to Mamie Evans, now wife of C. C. Doty by her re-marriage, who became the widow of Thomas L. Cole upon his death, or to his brothers, who were and are his next of kin. Neither the policy, nor the Federal statutes, are controlling, further than that the World War Veterans Act of 1924 provides that, "when any person to whom such insurance is now awarded died or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance." This provision, as we have seen, has been complied with.

Looking to the Tennessee Statute governing the distribution of the estate of one who dies intestate, it is seen that section 4172 of Shannon's Code, reads as follows: "The personal estate as to which any person dies intestate, after the payment of the debts and charges

against the estate, shall be distributed as follows: (2) To the widow altogether, if there are no children, nor the descendants of children."

*(2)* The Chancellor held that this fund goes to the widow, there being no children. The guardian of the minor brothers of the intestate has appealed, his insistence being that, since her re-marriage the defendant, who became the widow of the intestate at his death, is no longer a widow. Definitions of "widow" are given as, "a woman who has lost her husband by death and remains unmarried."

We concur with the Chancellor. Our statute directs the distribution to be made to one coming within the terms of a definite description applicable as of the date of the death of the intestate. That this person thereafter changes her personal *status* so as to bring her under a different general definition, does not serve to make uncertain her identity under the statute, any more than it would do under a will. It is the duty of the administrator to pay the fund to the party coming within the terms of the statute as of the date of the death of the intestate.

It is said that this property was not a part of the estate of the intestate at the time of his death and that the statute is so limited. If Cole had by will provided that any fund coming to his estate from this policy upon the death of the named beneficiary should go to "my widow," it could hardly be said that her right to take would be cut off by her re-marriage. The effect of the statutory direction is the same.

*(3)* Technical distinctions touching the law of contingent remainders between vested and nonvested rights, are rendered inapplicable here by the language of the Federal statute above quoted, expressly providing that

when the named beneficiary dies before payment in full of the policy the then value of the remaining unpaid monthly installments "shall be paid to the estate of the insured." Now when it goes into his "estate" what becomes of it? Our Statute plainly provides, it being "personal" estate, that it goes to "the widow." Who is this distributee? The person coming definitely within that descriptive term, as to whose identity there can be no doubt—the person who was the wife of the intestate at the time of his death.

This view is consistent with the following general statement in 18 C. J., p. 851:

"In the absence of express provision to the contrary, the right or interest of a surviving husband or wife, common-law or statutory, in the real or personal property of the deceased spouse, is not in any way defeated or lessened by a second marriage."

It results that the decree of the Chancellor is affirmed.