FORREST A. WADE *et al. v.* MRS. LEE BUTLER MADDING.*

*(Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

*Corpus Juris-Cyc References: Statutes, 36Cyc, p. 1106, n. 29; p. 1130, n. 69; p. 1207, n. 15.

W. H. FISHER, for complainants, appellees.

G. T. FITZHUGH and W. F. MURRAH, for defendant, appellant.

MR. JUSTICE WM. H. SWIGGART delivered the opinion of the Court.

Clarence F. Butler, a resident of Tennessee at the date of his death, was killed in action in France, in 1918, while a soldier in the Army of the United States. In 1930, the administratrix of his estate, appointed in 1926, received from the United States Veterans' bureau the sum of $3,892, by check payable to her as administratrix, as the balance of War Risk Insurance on the life of the said Clarence F. Butler.

In 1916, Clarence F. Butler married Mabel Lofton Wade, widow of W. A. Wade, mother of the three complainants herein, Forrest A. Wade, Ruby Wade Jensen and Bobbie Wade. No children were born to Butler and his wife. Mrs. Butler, as widow of the insured, was paid monthly payments of the insurance from the date of the death of her husband until her death, which occurred July 31, 1920. No other payments of the insurance were made, after the death of Mrs. Butler, until the payment to the administratrix in 1930.

The father and mother of Clarence F. Butler predeceased him, and at the date of his death, the mother of the complainants, as his widow, was entitled to all of his personal estate, under the statutes of descent and distribution of Tennessee. Shannon's Code (all editions), section 4172.

The defendant, Mrs. Lee Butler Madding, is a sister of Clarence F. Butler; and so far as is disclosed in the bill, Clarence F. Butler had no other brothers or sisters.

The theory of the bill is that upon the payment of the balance of the War Risk Insurance to the administratrix of the insured by Government of the United States, it became a part of the personal estate of the insured, for distribution to the persons who were entitled to take his personal estate at the date of his death under the laws of the State of his residence; that the mother of the com-

plainants was entitled to the whole of the personal estate of the insured, as his widow, and that complainants are entitled to represent their deceased mother, as her heirs and distributees, in the distribution of the insured's personal estate.

By demurrer, the administratrix denied any right of the complainants in and to any of the proceeds of the insurance which is the only property of the estate.

The Chancellor held the demurrer insufficient and overruled it, granting the defendant a discretionary appeal to this court from his decree.

The bill does not describe the insurance, from which the fund in litigation arose, except to say that the fund was paid by the United States Veterans' Bureau, by its check drawn on the Treasury of the United States "in payment on a certificate of War Risk Insurance." It is charged in the bill that the administratrix should have collected an unpaid balance of $8,892, instead of $3,892. It does not appear from the bill whether the widow of the insured was named in the certificate of insurance as the beneficiary, or whether she became the beneficiary upon the death of the insured, by operation of the Acts of Congress under which the certificate was issued. The bill fails to disclose any reason for the absence of any payments under the certificate, after the death of the widow in 1920, until the payment to the administratrix in 1930.

At the date of the death of the widow of the insured, the controlling statute of Congress provided that the remaining monthly installments of the insurance "shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the State of residence of the insured, be entitled to his personal property in case of intestacy; and if the permitted

class of beneficiaries be exhausted before all of the two hundred and forty monthly installments have been paid, then there shall be paid to the estate of the last surviving person within the permitted class the remaining unpaid monthly installments." Act of December 24, 1919, 41 Stat. L., 371. The "permitted class of beneficiaries," referred to in the statute, includes a sister of the insured. U. S. C. A., title 38, section 511. It also includes a stepchild "as a member of the man's (Insured's) household." World War Veterans' Act 1924, section 3, 43 Stat. L., 607. The bill in this cause does not, however, aver that complainants, as stepchildren of the insured, were ever members of his household.

■ If the complainants, as stepchildren of the insured, could be said to have been within the permitted class of beneficiaries, they would nevertheless not be within the class of persons "entitled to his (insured's) personal property in case of intestacy," under the law of the State of the insured's residence. Whether or not the language of the amendment of December 24, 1919, has reference only to persons in being at the date of the death of the designated beneficiary, to whom monthly installment payments had previously been made, it is clear that "the person entitled to the insurance, whether on the death or in the absence of a named beneficiary, must trace his claim directly from the insured." *Salzer* v. *United States,* 300 Fed., 764. This the complainants, under the averments of the bill, cannot do.

Upon the death of the widow of the insured, in 1920, the sister of the insured, the defendant herein, was the only living person within the permitted class of beneficiaries who would, under the laws of Tennessee, have been entitled to the personal property of the insured.

■ If the right to the payment of insurance, awarded by the Veterans' Bureau in 1930, must be determined by the laws of the United States, in force and effect at the date of the death of the widow of the insured, to whom payments of monthly installments had previously been awarded and made, at which time the status of the several parties in this litigation became fixed, it seems clear to us that the sister of the insured is entitled to the fund, to the exclusion of the complainants. *White* v. *United States*, 270 U. S., 175; *Salzer* v. *United States*, 300 Fed., 764; affirmed by C. C. A., 300 Fed., 767; *Cassarello* v. *United States*, 271 Fed., 486; affirmed by C. C. A., 279 Fed., 396.

It is however, contended for the complainants, appellees here, that if the distribution of the funds in the hands of the administratrix is controlled by the statutes of Congress, the only applicable statute is the Act of Congress of June 7, 1924, known as the "World War Veterans' Act, 1924," 43 Stat. L., chapter 320, page 607, as amended by the Act of March 4, 1925, 43 Stat. L., chapter 553, page 1302.

■ Section 303 of the Act of June 7, 1924, above cited, provided for payment of the commuted value of unpaid monthly installments of War Risk Insurance to the estate of the insured, upon the death of the beneficiary, only if "there be no surviving person within said permitted class." Section 303 was, however, amended by the Act of March 4, 1925, so as to read as follows:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty install-

ments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: *Provided,* That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his right to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: *Provided further,* That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment: *Provided further,* That in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917." 43 Stat. L., 1310; U. S. C. A., title 38, section 514.

■ The only authority for the payment of the fund now in litigation to the administratrix of the insured is to be found in the foregoing section enacted by the Act of March 4, 1925. If the right of the sister of the insured to the installments falling due after the death of the widow, conferred by the Act of December 24, 1919, is not saved from the application of the amendment of March 4, 1925, we are compelled to hold that the payment to the administratrix constituted the fund an asset of the per-

sonal estate of the insured, to be distributed among those persons, or their representatives, who were entitled to the personal estate of the insured at the date of his death. *McDaniel* v. *Sloan,* 157 Tenn., 686.

In the case cited, this court said: ''It is the duty of the administrator to pay the fund to the party coming within the terms of the statute as of the date of the death of the intestate.''

It is contended for the appellant here that by this language the court referred only to persons in being at the date of payment, and did not intend to include in the distribution the estate of a person who was entitled to a share of the personal estate of the insured at the date of his death but who was not living at the date of payment of the fund to the administrator of the insured.

The opinion of the court in *McDaniel* v. *Sloan, supra,* does not disclose the date of the death of the named beneficiary of the insurance, and it does not appear that any question was made as to the complete application of the World War Veterans' Act of 1924, as amended by the Act of March 4, 1925.

The overwhelming weight of authority at this date is that when a payment of the commuted value of remaining monthly installments is made to the administrator of the insured, upon the death of the designated beneficiary, or of a beneficiary to whom installments had been previously paid, under the authority of the amendatory Act of March 4, 1925, distribution is to be made by the administrator to those persons entitled under the laws of the State of residence of the insured to take his personal property, ascertained as of the date of the death of the insured, with the heirs of those dying after the insured representing them in such distribution, regardless of whether such representatives fall within

the permitted class of beneficiaries as defined in the World War Veterans' Act of 1924. *Deeble's Estate* v. *Tepper,* 152 Md., 332, 55 A. L. R., 578; *Palmer* v. *Mitchell,* 117 Ohio St., 87, 55 A. L. R., 566; *Re Pivonka,* 202 Iowa, 855, 55 A. L. R., 570; *Battaglia* v. *Battaglia* (Court of Appeals of Texas), 290 S. W., 296; *Re Ryan,* 129 Misc., 248, 222 N. Y. Supp., 253; *Re Ogilvie* (Pa.), 139 Atl., 826; *Re Singer,* 192 Wis., 524, 213 N. W., 479; *Williams* v. *Eason* (Miss.), 114 So., 338, 55 A. L. R., 574; *Branch Bank & Trust Co.* v. *Brinkley,* 196 N. C., 40, 144 S. E., 530; *National Union Bank* v. *McNeal* (S. C.), 145 S. E., 549; *Re Dempster's Estate,* 247 Mich., 459, 226 N. W., 243; *Whaley* v. *Jones* (S. C.), 149 S. E., 841; *Price* v. *McConnell* (Va.), 149 S. E., 515; *Condon* v. *Mallan* (Court of Appeals of District of Columbia), 30 Fed. (2d), 995.

In each of the cases just cited, with the exception of *In re Dempster's Estate & Condon* v. *Mallan,* the beneficiary, surviving the insured, was awarded and received monthly installment payments, but died prior to the enactment of the amendatory statute of March 4, 1925. If they are to be followed strictly, the fact that the status of the parties became fixed, and all of the facts upon which the rights of the parties depended were in existence, prior to the enactment of the statute of March 4, 1925, is immaterial, and the complainants herein would be entitled to the fund in litigation, as the heirs of their mother, who was the sole distributee of the estate of the insured at the date of his death.

*In re Ryan's Estate,* 129 Misc., 148, 222 N. Y. Supp., 253, was concerned with the same certificate of insurance which was the basis of controversy in *Salzer* v. *United States,* 300 Fed., 764, 767, cited hereinabove. The decision of the Circuit Court of Appeals was rendered prior to the enactment of the statute of March 4, 1925.

While the case was pending in the Supreme Court of the United States on writ of error and petition for *certiorari,* it was dismissed in October, 1926, by stipulation of counsel, 273 U. S., 771. The fund in dispute was thereafter paid to the administrator of the insured, and the contest was determined in the subsequent litigation, wherein it was held that the payment to the administrator "was made by the Government without any condition or limitation whatsoever." The several cases cited, in which *Salzer* v. *United States, supra,* was referred to, are agreed that its effect is limited to the rights of parties controlled by the statutes prior to the Act of March 4, 1925.

Only two cases have been noted in which rulings are made contrary to the majority rule. *Sutton's Exec.* v. *Barr's Admr.* (Ky.), 219 Ky., 543, 293 S. W., 1075, and *Re Cross' Estate* (Wash.), 278 Pac., 414, holding that the Act of March 4, 1925, wrought no change in the policy of Congress and the provisions of the earlier statutes, by which the payment of the proceeds of War Risk Insurance was limited to persons falling within the designated degrees of relationship to the insured, "the permissible class of beneficiaries." It was accordingly held in those cases that payments by the Government of the commuted value of the insurance to the administrator of the insured, under the Act of 1925, must be distributed among persons living at the time of the distribution who are within the designated class of beneficiaries.

The opinion of the Supreme Court of Washington *In re Cross' Estate, supra,* is largely rested upon the case of *Cassarello* v. *United States,* 271 Fed., 486, decided prior to the enactment of the statute of March 4, 1925, and therefore it does not interpret the policy of Congress as evidenced by the later act.

With reference to the changed policy, evidenced by the Act of March 4, 1925, to permit unrestricted distribution of payments to the estate of the insured, according to the laws of the 'State of the insured's residence, the Supreme Court of Pennsylvania, *In re Ogilvie,* said:

"The only case holding to the contrary seems to be that of *Sutton's Ex'r.* v. *Barr's Adm'r.,* 219 Ky. 543, 293 S. W., 1075. We are unable to follow the reasoning of this last case. Any general scheme for distribution of the insurance fund may sometimes prove unfortunate. Passing it over to the estate of the dead soldier, in the absence of a designated beneficiary, will probably be found as satisfactory as any method that could be devised. In any event, it is enough that Congress has so provided."

The Supreme Court of Pennsylvania in that case further said:

"The distribution of the funds under these insurance certificates is by a governmental agency, and not through the courts. When, however, the fund is transmitted to the insured's estate, as here, without limitation, it passes under control of the proper state court, and is distributable thereby. We cannot assume, with no suggestion to that effect, that Congress intended to impose upon the state courts the duty of distributing such fund to a certain class in exclusion of others."

In the cases cited hereinabove from Maryland, Ohio, Iowa, Wisconsin, Mississippi, North Carolina, South Carolina, New York, and Virginia, payments of the commuted or present value of the monthly installment insurance, remaining unpaid at the death of the beneficiary, were held to become assets of the estate of the insured, without condition or limitation, under the Act of March 4, 1925, notwithstanding the death of the beneficiary oc-

curred in each case prior to March 4, 1925. These rulings were obviously made because the pertinent section of the Act of March 4, 1925, concluded with the words: "This section shall be deemed to be in effect as of·October 6, 1917."

In none of these cases was any reference made or any express consideration given to section 602 of the World War Veterans' Act of 1924, of which the Act of March 4, 1925, is an amendment.

Sections 600 and 601, of the World War Veterans' Act of 1924, repealed all previous legislation dealing with War Risk Insurance, "subject to the limitations contained in this title;" and section 602 provided:

"The repeal of the several Acts as provided in sections 600 and 601 hereof shall not affect any act done or any right or liability accrued, or any suit commenced before the said repeal, but all such rights and liabilities under said Acts shall continue and may be enforced in the same manner as if said repeal had not been made; nor shall said repeal in any manner affect the right to any office or change the term or tenure thereof." 43 Stat. L., 630.

In *Battaglia* v. *Battaglia,* 290 'S. W., 296, the contest was over the distribution of a fund, representing the present value of the remaining installments of War Risk Insurance issued to Charles W. Battaglia. The deceased was killed in action in 1918, and monthly payments were made to his father, as designated beneficiary until his death in April, 1924. Payment to the administrator was made after the enactment of the statute of March 4, 1925. The contest was between the widow of the beneficiary, a stepmother of the insured, and the uncles and aunts of the insured, who would have been the sole heirs at law of the insured at the date of his death, if the father, the

designated beneficiary, had not then been living. The uncles and aunts contended that distribution should be made under the Act of December 24, 1919, because their rights had accrued thereunder while it was in full force and effect, and were protected by the saving clause of section 602 of the World War Veterans' Act of 1924. The Court of Civil Appeals of Texas overruled this contention, and held that notwithstanding section 602, the only rights which were protected from the operation of th· amendment of March 4, 1925, were those specifically mentioned in section 303 of that Act; that is, awards of yearly renewable term insurance in course of payment on the date of the approval of the Act of 1925, and awards of such insurance which had been made to the estate of a last surviving beneficiary.

In *Whaley* v. *Jones,* 149 S. E., 841, the Supreme Court of South Carolina also held that the Act of March 4, 1925, protected only "the beneficiaries to whom awards were made prior to its passage." No reference was, however, made in this case to section 602 of the Act of 1924.

In *Hatch* v. *United States,* 29 Fed. (2d), 213, in the District Court for the Northern District of New York, the insured died in 1918, without having designated a beneficiary of his War Risk Insurance, survived by his parents and three brothers. Installment payments were awarded and made to his father and three brothers. Payments of the insurance to the father and brothers of the insured was suspended by the Veterans' Bureau in November, 1925, because the mother of the insured had not been included as a beneficiary. The mother of the insured then executed a release of her right to share in the insurance, and thereafter, in September, 1926, the Bureau ruled that the commuted value of the balance of the insurance should be paid to the executor of the in-

sured's estate. The suit was filed by the father and brothers of the insured, to compel the Government to resume the payments which were suspended in November, 1925.

Although the District Court was of the opinion that the award of the insurance to the plaintiffs was in course of payment when the Act of March 4, 1925, was adopted, and that the rights of the plaintiffs were, therefore, protected by the proviso of section 303, as enacted in 1925, it was also held that their rights were saved from the operation of the Act of 1925, by the provisions of section 602 of the World War Veterans' Act of 1924, and so holding the District Judge said:

"Sections 303 and 602 should be construed so as to give effect to each. Since section 602 necessarily implies the existence of rights under the former law, and expressly preserves such rights, the retroactive effect of the quoted words of section 303 cannot cover all rights, and must be limited to things not included in section 602.

"The retroactive words of section 303 undoubtedly cover all policies issued since the enactment of the original law, where the insured was alive when 303 was amended on March 4, 1925, but do not cover the rights of persons within the permitted class where the insured died before the amendment of section 303 became effective on March 4, 1925, without designating a beneficiary, *whether or not* monthly payments had been made to his heirs before the passage of the amendment.

". . . No reason or argument, compelling or other, has been advanced to show that section 602 is without force or validity, or is entirely superseded by or inconsistent with the retroactive phrase of section 303. It is true that there are no vested rights running to the beneficiary or persons in the permitted class, as was held in

*White* v. *U. S.*, 270 U. S., 175, 46 S. Ct., 274, 70 L. Ed., 530. But there are rights arising under section 402 of the former statute, running to such persons, which under section 602 it is the duty of the court to protect, unless it is clear that Congress has legislated to affect those rights. Congress may, doubtless, limit and alter, and possibly destroy, such rights. But Congress may also preserve and secure them. This latter Congress did, as to some rights, by the proviso of the section 303, and as to all existing rights by section 602, of the present law."

In *Perrydore* v. *Hester*, 110 So., 403, 405, the Supreme Court of Alabama had under consideration the proper distribution of a fund which had been paid to the administratrix of the estate of a deceased soldier, under the authority of the Act of March 4, 1925, and it was held that because the status and rights of the parties had become fixed prior to the enactment of the Act of 1925, such rights were not affected thereby. In so holding the court said:

"With reference to claims already accrued as here, the Act of March 4, 1925, we think, is to be considered administrative in character.

"To relieve the Veterans' Bureau of the task of ascertaining the persons entitled to take in case of intestacy under the laws of the various states, and maybe foreign countries, the fund is paid to the personal representative of the estate, to be distributed by the local jurisdiction, but in accordance to law. An analogy is presented under our law in case of damages awarded to an administrator in actions for death by wrongful act. He is a mere trustee or conduit to receive and pass on the funds to those entitled free from the debts of the decedent."

There is thus presented a clear conflict between those jurisdictions which have given express consideration to the effect of section 602 of the World War Veterans' Act of 1924 on the application of section 303, as amended by the Act of March 4, 1925.

The latter act, being an express amendment of the former, is to be read and considered "as if the subject matter of the amendment had been incorporated in the prior act at the time of its publication, so far as regards any action had after the amendment is made. For it must be remembered that the amendment becomes a part of the original act, whether it be the change of a word, figure, line, or entire section, or a recasting of the whole language." *Noll & Thompson* v. *Railroad,* 112 Tenn., 145, 146; *Coke & Coal Co.* v. *Steel Co.,* 123 Tenn., 428, 439.

"That a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication is a rule of general application." *United States* v. *St. Louis, etc., R. Co.,* 270 U. S., 1, 3, 70 L. Ed., 435, 437.

"Statutes should not be given a retroactive effect or construction to change the status of the claims fixed in accordance with earlier provisions, unless the legislative purpose so to do plainly appears." *United States* v. *Magnolia Petroleum Co.,* 276 U. S., 160, 162-163, 72 L. Ed., 509.

"The initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared. (Citing cases.) The comment of Story is: 'Retrospective laws are, indeed, generally unjust; and, as has been forcibly said, neither accord with sound legislation nor with the

fundamental principles of the social compact.' " *Shwab v. D'oyle,* 258, U. S., 529, 534, 66 L. Ed., 752.

In December, 1924, the director of the United States Veterans' Bureau requested the opinion of the Attorney-General of the United States as to the meaning of the words "any right or liability accrued," as used in section 602 of the World War Veterans' Act, 1924. The opinion of the Attorney-General, Honorable Harlan F. Stone, now Justice of the Supreme Court, is reported in Opinions of Attorneys-General, vol. 34, p. 342. The opinion deals with the right of a veteran to disability compensation, and the case submitted was whether the right to compensation protected by section 602 was only one for which a claim had been made prior to the enactment of the Act of 1924. The Attorney-General ruled that the right protected was not merely "the right to enforce payment," which only arose after an award had been made upon a claim filed, but that the protection of section 602 extended to "the right to file a claim;" which latter right, the Attorney-General ruled, "may be compared with the right of a citizen to commence an action for damages but who possesses no right to compel payment of such damage until he shall have secured final judgment of a court of competent jurisdiction." The Bureau was, therefore, advised that the claim of the veteran, based upon facts in existence prior to June 7, 1924, should be considered and adjudicated under the provisions of the legislation as it existed prior to that date, notwithstanding the claim was not filed until a subsequent date.

Applying the reasoning of the Attorney-General of the United States in the opinion cited, it seems clear that the right of the sister of the insured to be substituted as the beneficiary of the insurance in litigation, upon the

death of the named beneficiary, in 1920, became an accrued and existing right at that date, within the meaning of section 602 of the World War Veterans' Act, regardless of whether her claim had been presented to the Veterans' Bureau for award before the Act of March 4, 1925.

We appreciate fully the force of the considerations, above detailed, supporting the contention that the amended section 303, as enacted March 4, 1925, was not intended by Congress to affect or destroy such an accrued and previously existing right, and are reluctant to decree otherwise. However, if that intention is clearly manifested, it is controlling, and we are required to give effect to it.

There can be no doubt but that the amendment of March 4, 1925, section 303, evidences a definite change of policy on the part of Congress, with respect to the distribution of the balance of War Risk Insurance, remaining unpaid at the death of the first beneficiary, from that evidence in the earlier statutes, including the World War Veterans' Act, 1924. Under the 1924 statute, payment to the estate of the insured was authorized only in the event no person within the permitted class of beneficiaries survived the named beneficiary, a limitation or proviso omitted entirely from the amendment of 1925.

While the Act of 1924 preserved and continued the policy of the original Act of 1917, as amended, that in no event should payments be made to persons not within the permitted class of beneficiaries so long as any persons within that class should survive, the amendment of 1925 authorized distribution of any balance, after the death of a named beneficiary, and of the entire amount if no beneficiary was named by the insured, according to the intestacy laws of the several states without further

limitation. The list of cases above cited, so holding, is impressive, and their reasoning is sound.

While the Act of 1925 is an amendment of the Act of 1924, and is therefore to be considered, construed and applied, as if embodied therein, it is nevertheless true that it was enacted at a later date, and manifests a changed general policy adopted subsequently. This fact seems significant, in connection with those provisions of the amended section 303 which specifically except from its operation certain described rights accrued prior to its enactment.

█ The rights specifically excepted in the amended section 303. are those of persons to whom awards had previously been made and which were in course of payment on March 4, 1925, and those of the estate of a last surviving beneficiary to which an award had been made under the provisions of the amendment of December 24, 1919. Rights protected by these exceptions or provisos had accrued prior to March 4, 1925, and if the amended section 303 had been intended by Congress to be subject to the provisions of section 602, there would have been no necessity to make specific provision for the preservation of the two classes of accrued rights, falling clearly within the application of section 602.

The theory of the Texas Court of Appeals in *Battaglia* v. *Battaglia, supra,* while not expressly stated, was evidently that the enumeration of certain classes of accrued rights as excluded from the retroactive operation of the amended section 303 expresses the intention of Congress, by necessary implication, that all other accrued rights should be subject thereto. This seems to be a reasonable application of the maxim, frequently applied in aid of the construction of statutes; *expressio unius est exclusio alterius.* "An express exception, exemption or saving

excludes others. Where a general rule has been established by statute with exceptions the court will not curtail the former nor add to the latter by implication." Lewis' Sutherland Statutory Construction (2 Ed.), section 494.

Section 602 expresses the general intention of Congress that the repeal of earlier statutes by the Act of 1924 should not affect rights accrued prior to the repeal. The amended section 303, enacted at a subsequent session of Congress, deals specifically with the disposition of insurance after the death of the first beneficiary. It contains express provision for its retroactive effect, but excludes specifically described accrued rights from its operation. It is a reasonable rule of construction that when the legislative expression of a general intent conflicts with a particular intent subsequently expressed, the latter will prevail. "Specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which otherwise might be broad enough to include it." Lewis' Sutherland Statutory Construction (2 Ed.), section 491.

The language of section 602 is that accrued rights shall not be affected by the repeal of earlier statutes, while the section 303, both as originally enacted and as amended by the Act of March 4, 1925, contains the provision applicable only to the particular section that it "shall be deemed to be in effect as of October 6, 1917." It might be reasonably doubted whether the general language of the saving section 602 was intended to control the application and effect of the express retroactive provision of this section, even though the section had not contained a specific statement of rights and cases excepted.

It appears by inference from the number of cases cited in which payments were made to the estate of the insured under the Act of March 4, 1925, although the named beneficiary had died prior to its enactment, that the Veterans' Bureau, charged by law with its enforcement, has uniformly construed and administered the amended section 303 as having retroactive effect in all cases except those specifically excepted. This construction has been followed, apparently without question, in a number of the cases cited. For the reasons stated, we are constrained to follow that construction.

*In re Estate of Bruce Smallwood,* 156 Tenn., 222, we stated our opinion to be that the amended section 303 must be construed with section 602, as not affecting rights accrued prior to its enactment. The point was, however, not necessary to the decision and the case was otherwise correctly decided, giving effect to the Act of 1925.

This cause is before us on demurrer, and we have assumed that the certificate of insurance issued to the insured was of the same character, containing the same provisions, as that considered in *White* v. *United States,* 270 U. S., 175, 70 L. Ed., 530, so that vested rights beyond the power of Congress to destroy are not involved.

The decree of the chancellor, overruling the demurrer of the defendant, will be affirmed and the cause remanded to the chancery court for further proceedings. Costs of the appeal will be decreed against the appellant, as administratrix, and the surety on her appeal bond.