### TURNER et al. v. THOMAS et al.
### No. 3883.

Court of Civil Appeals of Texas. Texarkana.
July 28, 1930.

Rehearing Denied July 31, 1930.

Crosby & Estes, of Commerce, for appellants.

Ray & Thomas and A. Burleson, all of Lawton, Okl., T. W. Thompson, of Greenville, and O. C. Mulkey, of Commerce, for appellees.

WILLSON, C. J. (after stating the case as above).

By force of the federal statute (section 514 of title 38 of the United States Code Annotated), the $5,503.29 in controversy belonged to the deceased soldier's estate. It passed to his heirs according to the laws of Texas. Articles 2570, 3314, R. S. 1925. The parties agree that the sole question for determination here is as to whether the heirs entitled to take the fund were heirs of the soldier as of the date of his death, to wit, his father, said J. S. Turner, and his mother, said Eugenia Turner, or heirs of the soldier as of the date of the death of the beneficiary named in the application for the insurance, to wit, his said mother and half brothers and sisters and descendants of other such brothers and sisters, named in the statement above. We think the conclusion of the trial court that it was the soldier's heirs as of the date of his death who were entitled to the fund was correct. It is supported by the decision of the El Paso Court of Civil Appeals in Battaglia v. Battaglia, 290 S. W. 296, where the question was rather fully discussed, and by decisions of courts of other states in cases as follows: Carroll v. Sheppard, 154 S. C. 359, 151 S. E. 573; Price v. McConnell (Va.) 149 S. E. 515; Branch Banking & Trust Co. v. Brinkley, 196 N. C. 40, 144 S. E. 530; Root v. Childs, 58 N. D. 422, 226 N. W. 598; Pivonka v. Pivonka, 202 Iowa, 855, 211 N. W. 246, 55 A. L. R. 570; Singer v. Tikalsky, 192 Wis. 524, 213 N. W. 479; McDaniel v. Sloan, 157 Tenn. 686, 11 S.W.(2d) 894; In re Smallwood's Estate, 156 Tenn. 222, 300 S. W. 572; Williams v. Eason, 148 Miss. 446, 114 So. 338, 55 A. L. R. 574; Coleman v. Harrison, 168 Ga. 859, 149 S. E. 141; National Union Bank v. McNeal, 148 S. C. 30, 145 S. E. 549; In re Storum's Estate, 128 Misc. Rep. 168, 218 N. Y. S. 394; Hallbom v. Pagel (Minn.) 229 N. W. 344; Funk v. Luithle, 58 N. D. 416,

226 N. W. 595. Appellants cite Sutton v. Barr, 219 Ky. 543, 293 S. W. 1075, and Sizemore v. Sizemore, 222 Ky. 713, 2 S.W.(2d) 395, by the Kentucky Court of Appeals, as cases holding to the contrary. We think the reasoning in the other cases cited more satisfactory, and are better satisfied to follow them than those by the Kentucky court.

The judgment is affirmed.