## Sizemore v. Sizemore's Guardian, et al.

(Decided January 24, 1928.)

### Appeal from Bell Circuit Court.

1. Constitutional Law.—Right of beneficiary in soldier's policy of war risk insurance under War Risk Insurance Act Sept. 2, 1914, sections 400, 402, as added by Act Cong. Oct. 6, 1917, section 2 (U. S. Comp. St., secs. 514u, 514uuu), held not vested as to future installments, but subject to conditions which Congress might subsequently enact.

2. Army and Navy.—Act Cong. June 7, 1924, section 303, as amended (38 USCA section 514), by which remaining uncollected installments of soldier's war risk insurance, after death of soldier and surviving beneficiary, were made payable to estate of soldier, instead of estate of beneficiary, held not in violation of due process clause of Const. U. S. Amend. 5, since beneficiary of soldier's insurance, taken out under War Risk Insurance Act September 2, 1914, sections 400, 402, as added by Act Cong. Oct. 6, 1917, section 2 (U. S. Comp. St. sections 514u, 514uuu), has no vested property right.

3. Army and Navy.—Divorced wife of soldier held not entitled to take, on death of her infant son, made beneficiary by soldier who predeceased son, remaining installments of war risk insurance under War Risk Insurance Act Sept. 2, 1914, secs. 400, 402, as added by Act Cong. Oct. 6, 1917, section 2 (U. S. Comp. St., secs. 514u, 514uuu), as against deceased soldier's mother, but right to future monthly installments not yet paid passed to mother under section 402 and Act Cong. June 7, 1924, sec. 303, as amended (38 USCA sec. 514) and Ky. Stats., sec. 1393; right of infant child as beneficiary not being vested as to future installments.

JAMES H. JEFFRIES for appellant.

W. O. B. LIPPS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Noah Sizemore, a soldier in the American Army during the World War, took out insurance upon his life for $10,000 under the War Risk Insurance Act of Congress of September 2, 1914 (chapter 293), as amended by the Act of October 6, 1917 (chapter 105, art. 4, sections 400, 402, 40 Stat. at L. 398, 409; Comp. Stat., sections 514a, 514u, 514uuu). He designated his infant son, Roy Sizemore, as beneficiary of the insurance. The soldier died in October, 1917, and the insurance was paid in installments to the guardian of the infant until November 20, 1926, when the infant son of Noah Sizemore died, survived by his mother, the appellant, Fannie Gambrel Sizemore, who was the divorced wife of the soldier.

Josie Sizemore, mother of the soldier, is still alive, but his father, Gillis Sizemore, predeceased him. At the time of the death of the infant, Roy Sizemore, his guardian had collected and saved $4,569.03 of the insurance, and the remaining sum was payable in future monthly installments. This action was instituted in the Bell circuit court by the appellant, Fannie Gambrel Sizemore, claiming the entire fund, as the heir of her infant son, Roy Sizemore, against the deceased infant's guardian and Josie Sizemore, mother of the soldier. The brothers and sisters of the soldier were joined as defendants in the suit, but only the mother of the soldier and the mother of the infant have made any claim to share in the insurance.

By section 1393, Kentucky Statutes, the estate of a person dying unmarried and without children passes to his mother, if the father be dead.

The circuit court decided that the mother of the infant was entitled to the fund in the hands of the guardian, amounting to $4,569.03, which had been paid to the guardian prior to the death of the infant, and that the mother of the soldier was entitled to the balance of the fund, amounting to $6,659.50, which, after the death of the child, had been paid to the administrator of the soldier, Noah Sizemore.

From that judgment the divorced wife of the soldier has prosecuted this appeal. As no cross-appeal has been taken, the sole question involved here is the right to the fund awarded to the mother of the soldier. The decision depends upon the acts of Congress under which the insurance policy was issued. The original War Risk Insurance Act of September 2, 1914 (38 Stat. 711), as amended October 6, 1917 (40 Stat. 398), and again on June 25, 1918 (40 Stat. 609), provided that in case of death of the insured, the insurance should be payable only to a spouse, child, grandchild, parent, brother, or sister, and further provided that it should be payable in 240 monthly installments. It further provided that, subject to regulations, the insured should at all times have the right to change the beneficiary, but only within the permitted classes. It also contained the following provision:

"If no beneficiary within the permitted class be designated by the insured, either in his life time or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the state of the residence of the insured, be entitled to his personal property in case of intestacy." Section 402 of the War Risk Insurance Act (U. S. Comp. Stats., section 514uuu).

Subsequent to the death of the soldier, the Act of Congress of June 7, 1924, U. S. C. title 38, section 514 (38 USCA, section 514), was passed, which provided that, where the beneficiary designated survived the soldier, but died before he collected all the installments of the insurance, the remaining uncollected installments should be paid to the estate of the insured soldier, and not to the estate of the beneficiary. It was in obedience to this statute, as amended, that the judgment of the circuit court was rendered.

It is insisted upon this appeal that the amendment to the statute after the death of the soldier violated the fifth Amendment to the Constitution of the United States, in that it deprived appellant of her property without due process of law. The argument proceeds upon the theory that the designated beneficiary had a vested right to all of the insurance, which could not be affected by later legislation. The argument is unsound. The beneficiary had no vested right in the installments not due or paid. His right to receive further installments ended at the death of the beneficiary, and Congress possessed the power to provide where the insurance money should go in every contingency. The interest of the beneficiary was vested only so far as the soldier and the government had made it so, and was subject to any conditions upon which they might agree. Congress, in creating the right, could annex conditions, and the beneficiary took the right subject to the conditions. White v. U. S., 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530, annotated; Helmholz v. Horst (C. C. A.) 294 F. 417. Cassarello v. U. S. (D. C.) 271 F. 486, affirmed (C. C. A.) 279 F. 396; Gilman v. U. S. (C. C. A.) 294 F. 422; Salzer v. U. S. (D. C.) 300 F. 764, affirmed (C. C. A.) 300 F. 767; Sutton's Ex'r v. Barr's Adm'r, 219 Ky. 543, 293 S. W. 1075.

It is apparent from the acts of Congress and the decisions that the claim of a person to be within the permitted class, and entitled to the insurance upon the death, or in the absence, of a designated beneficiary, must be derived from the insured soldier. As the divorced wife of the soldier has no right to inherit from him, she has no claim against the fund in the hands of his administrator. She had no right that was affected by the legislation later than the death of the soldier. Her only right was to inherit the property of her deceased child. That child did not possess, or have any right to the unpaid insurance, unless he lived long enough to collect the installments as provided by the law and the insurance contract made pursuant thereto. As he did not live, it did not become his property.

The judgment of the circuit court is affirmed.