By the Court.
 

 Since the beneficiary in the policy, Virgil B. Waltz, survived the insured soldier, but died prior to receiving all the remaining unpaid insurance installments, the present value of the insurance installments thereafter paid into the estate of the deceased soldier descended to the soldier’s
 
 *48
 
 widow.
 
 Palmer
 
 v.
 
 Mitchell, Admr.,
 
 117 Ohio St., 87, 158 N. E., 187, 55 A. L. R., 566. His widow was thereafter entitled to the whole of the unpaid installments received by the soldier’s estate, unless she is precluded by the release signed by her. The probate court sustained the demurrers to the petitions for review of the widow’s allowance for the reason that at the time of the execution of the release her interest in the war risk insurance “was not assignable or subject to release.” When Dorothy, the soldier’s widow, signed the alleged release, she had then no present interest to assign; her interest, if it should ever accrue to her, was contingent upon the father’s death before receiving all the unpaid installments. Moreover we are of opinion that, under the legislative inhibitions of Congress pertaining to this class of war risk insurance, the widow’s interest as an ultimate beneficiary in the unpaid installments was not assignable. The fund in the hands of the soldier’s administrator accruing from the father’s policy belonged to the widow; and since the award of the widow’s allowance was less than the amount in that fund the court committed no prejudicial error in dismissing the petitions for review of the allowance.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.