## Hale's Administrator v. Taylor.

(Decided October 7, 1930.)

COLEMAN & LANCASTER for appellant.

E. P. PHILLIPS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

Asher G. Hale was a soldier in the World War and had a war risk insurance policy issued on his life by the government. After the war terminated, he returned to his home in Calloway county, and on October 29, 1919,

married the appellee, Euple Outland, and they lived together as husband and wife until August 20, 1920, when the husband died intestate, and without children, leaving surviving him as his blood relatives and heirs his father and mother, the latter of whom was named as beneficiary in the insurance policy issued by the government. Under a settlement with the latter, the beneficiary drew as a pension or bonus the monthly sum of $57.20 until she died in 1928, leaving a balance due on the policy of $6,334.

There came into the hands of the first administrator of Asher G. Hale but little property for settlement and distribution, and he administered it and made a final settlement with the county court, and, after the death of the beneficiary, the mother of the deceased soldier, his father, J. R. Hale, qualified as his administrator and also as the administrator of the beneficiary in the policy, and collected from the government the balance of $6,334 due thereon. Following that, the appellee, Euple Hale, who in the meantime had married one Taylor, filed this action in the Calloway circuit court against J. R. Hale individually and as personal representative of both his deceased son and his deceased wife, and in the original petition plaintiff therein (appellee here) sought to recover from him one-half of the collected proceeds from the insurance policy upon the theory that, upon the death of the beneficiary therein, the balance due thereon became a part of the personal estate of her deceased husband and under our statute of distribution she was entitled to one-half thereof. She later amended her petition and sought the recovery of the entire amount of the collected proceeds upon the ground that the father and mother of her husband, upon the latter's death, agreed with her that, if she would assume and pay all of her deceased husband's debts, some of which were represented by notes upon which the father was surety, they would release to her all of their interest in his estate as his heirs, and that she had carried out that agreement.

The answer denied the material averments of both the original and amended petitions, and upon trial, after evidence heard upon the issues raised by the pleadings, the court adjudged plaintiff and appellee here entitled to one-half of the collected proceeds of the policy, and rendered judgment in her favor against appellant for that amount, and to reverse which he prosecutes this appeal.

The provisions of the United States statutes providing for such insurance as they stood prior to May 29, 1928, when Congress amended section 512 of title 38 of the U. S. Code (38 USCA sec. 512), were before this court in the cases of Sutton's Ex'r v. Barr's Adm'r, 219 Ky. 543, 293 S. W. 1075, and Sizemore v. Sizemore's Guardian, 222 Ky. 713, 2 S. W. (2d) 395, and the interpretation there given to them, under facts similar to those we have here, was, that upon the death of the beneficiary before collecting all of the installments due under the policy, the balance, in the absence of a will of the soldier or some other legally designating act of his to the contrary, descended under our Statutes (section 1393) to those who would take the property of the insured if he had died intestate, and which provides that in such event the widow shall be entitled to one-half of the net proceeds of her deceased husband's personalty.

Appellant's counsel seem to admit the soundness of those two opinions, and that the principles upon which they were rested should prevail in this case, except for the amendment by the Congress of section 512, which was enacted and became effective on May 29, 1928, a part of which says: "Or if the designated beneficiary survives the insured and dies before receiving all of the installments of *converted* insurance payable and applicable, then there shall be paid to the estate of such *beneficiary* the present value of the remaining unpaid monthly installments." (Our italics). The amendment and the original section so amended related exclusively to what is denominated in the statute as "converted" insurance, for the converting of which the statute made provisions, and, if such provisions had been followed and the policy involved in this case had been converted as therein provided the contention of appellant's counsel would be correct, and all of which counsel for appellee frankly admits; but there was no conversion or attempted conversion of this policy. On the contrary, it remained as originally issued, what is denominated as "term" insurance, and the descent or disposition of its proceeds is to be determined, not by the amended section 512 of title 38 of the U. S. Code, (38 USCA sec. 512), but by section 514 of the same Code (38 USCA sec. 514) as it existed prior to the 1928 amendment to section 512 and as it is now, and which says in part: "Or if the designated beneficiary does not survive the insured or

survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the *estate* of the *insured* the present value of the monthly installments thereafter payable,'' etc. (Our italics).

In the light of the distinction above referred to between *term* insurance and *converted* insurance, the rights of the parties in this case are to be governed by the principles announced in the two cases supra, and the learned trial judge correctly so held. The question discussed and determined by us in the above two prior cases concerning the time when the heirs of the insured who would be entitled to his insurance should be selected, i. e., whether those in existence at the time of *his* death, or those in existence at the time of the death of his *beneficiary* with a balance of the insurance unpaid, are not involved, since plaintiff and appellee herein would be entitled to the portion adjudged to her in either event, and, whether we will continue to adhere to the determination reached in those cases upon that question it is not necessary to now discuss, and we refrain from expressing any opinion upon it.

It is argued in brief of learned counsel for appellee that the court erred in rejecting the prayer of his amended petition whereby he sought, under the alleged agreement between appellee and the surviving parents of her husband after the latter's death, to recover the entire amount of the collected proceeds from the insurance policy instead of only one-half to which she was entitled under the provisions of section 1393 of our Statutes, and in his brief he says that he has prosecuted a cross-appeal for his client whereby he complains of such ruling of the court. We, however, have searched the record in vain to find the prosecution of any such cross-appeal. It is quite possible that, at the time of the entering into the contract and agreement relied on in appellee's amended petition, the proceeds of the insurance policy were not in contemplation of the parties. At that time the designated beneficiary was alive and was drawing her monthly stipends thereunder, and possibly might live long enough to consume the entire policy. At any rate, there is no proof whatever in the case to show that any such future possible fund was mentioned at the time of that agreement. But, however that may be, we are prevented from considering the question on account of

its not being presented to us on this hearing, and we refrain from expressing any opinion upon it, and that question is left open and undetermined for appellee or her counsel to deal with in the future as they see proper.

The other questions of practice discussed in brief of counsel for appellant are immaterial, and the cases he cites from this court, to the effect that alimony terminates upon the remarriage of the divorced wife, have no bearing upon the issues involved.

Wherefore, the judgment allotting to appellee one-half of the net proceeds of the collected insurance is affirmed.