## Canada et al. v. Canada's Administratrix et al.

(Decided October 28, 1930.)

J. B. JOHNSON and R. C. BROWNING for appellants.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

Jesse A. Canada had issued to him a war risk insurance certificate by the United States government for $5,000 payable in case of his death or total permanent disability in monthly installments of $28.75. His mother, Katie Canada, was named beneficiary. On January 7, 1921, Canada was honorably discharged from military service by reason of disability arising from tuberculosis. He thereafter married, and died in 1924, leaving a wife Margaret Canada, and a son, Clay Estes Canada.

It appears from the petition in this case that about four years after his death suit was instituted on the certificate in the United States District Court, and that in 1929 a judgment was recovered. Under it there was paid to Canada's administratrix $1,121.25, the amount of monthly installments which were payable to the soldier by reason of his disability and which had accrued at the time of his death. It further appears from the record that $2,098.75 was paid to the mother as beneficiary, being the sum which had accrued since the death of the soldier to the date of the judgment, and that she is entitled to the additional monthly payments until the entire policy shall have been paid.

This suit was instituted by the administratrix and widow against the infant son to have it declared that the widow was entitled to be paid out of $1,121.25 the sum of $750, which is exempt to her under the provisions of section 1403 of the Statutes. The infant defendant, through its guardian ad litem, controverted this claim, and the mother, who is the appellant, Katie Canada, by an intervening petition claimed the right to the entire sum. Demurrers were sustained to the intervening petition and the answer of the infant, and it was adjudged that the widow was entitled to receive $750, and that the balance of the $1,121.25 should be divided equally between the widow and child after payment of the administrative costs. The appeal from that judgment is prosecuted by the child and mother.

Neither the policy of insurance or the judgment of the United States court is in the record, and we must confine ourselves to a consideration of the allegations of the pleadings. In them it appears that when the deceased soldier died there was due him an accumulation of $1,121.25 under his insurance certificate by reason of

his permanent disability. This was a chose in action, the same as any other indebtedness due him under a contract. The contention of the appellants is that the widow is not entitled to the $750 exempt from distribution under the statutes because it was not "personal property or money on hand or in bank" at the time of the death of the intestate. There is no merit in the claim because it was personal property owing to the deceased, and it must be distributed as if it were cash on hand, On his death there at once vested the interest of his widow and heirs, according to the statutes of administration and descent and distribution. Under the statutes the widow is entitled to be paid as an exemption from distribution to others the sum of $750 for the benefit of herself and infant child. It appears that the decedent had no other personal property.

The judgment is therefore affirmed.