## Wilcox v. Schroader's Administrator.

(Decided November 18, 1930.)

COLEMAN & LANCASTER for appellant.

E. P. PHILLIPS for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

This is a contest between the administrator of the estate of Robert W. Schroader and the administrator of the estate of his father, John R. Schroader, to recover the commuted unpaid installments of a war risk insurance certificate.

Robert W. Schroader, a soldier in the late war, died in January, 1918, having a certificate or policy for $10,000, with his father as beneficiary. The father was paid the monthly installments until his death, January 10, 1929. Both parties died intestate. The sum of $5,299.50 representing the unpaid installments was collected by the soldier's administrator.

Section 514 of title 38, U. S. Code (38 USCA sec. 514), provides that if no person within the permitted class be designated as beneficiary of these policies by the insured either in his lifetime or by his will, or the beneficiary dies before receiving all of the 240 installments, there shall be paid to the estate of the insured the present value of the unpaid installments. This question has

been before the court several times, and the clear terms of the statute have been enforced. The latest cases are Hale's Adm'r v. Taylor, 235 Ky. 435, 31 S. W. (2d) 695; and Canada et al. v. Canada's Adm'x et al., 235 Ky. 747, 32 S. W. (2d) —.

The appellant, administrator of the father, submits that under section 512 of title 38, U. S. Code (38 USCA sec. 512), the estate of the beneficiary is entitled to the present value of the remaining unpaid monthly installments. As pointed out in the Hale case, this section relates to converted term insurance. The policy is not before us, nor is there any allegation as to its special character. We would be justified in assuming that the record supports the decision of the trial court; but the affirmation need not be based on that ground, for we are judicially aware that the act providing for the conversion of term insurance and the payment to the estate of the beneficiary of the remaining unpaid installments was not in existence in January, 1918, when the soldier died.

The lower court properly held that the estate of the insured is entitled to this commuted insurance, and the judgment is accordingly affirmed.