## In re JACKSON'S ESTATE.
## SINGLETON et al. v. CHEEK et al.

No. 17748.  Opinion Filed March 3, 1931.

Rehearing Denied June 30, 1931.

W. H. Kornegay, for plaintiffs in error.

William T. Rye, Jess L. Ballard, and

Richard L. Wheatley, for defendants in error.

CLARK, V. C. J.  This cause presents error from the district court of Craig county, where said cause was tried on an agreed statement of facts and other documentary evidence.  Lee Ray Jackson was a soldier in the late war, and was issued $10,000 war risk insurance.  He died intestate March 21, 1921, and left surviving an infant son, James Leroy Jackson, who was about eight months old, and Mary Lucinda Jackson, his widow.  He left no other descendants.  James Leroy Jackson died in March, 1922, at about the age of twenty months.  Mary Lucinda Jackson married again and became Mary Lucinda Singleton, and died in March, 1923.  Prior to the death of Lee Ray Jackson, he was rated by the Bureau of War Risk Insurance as permanently and totally disabled, and there had accrued to him by reason thereof the sum of $455.04, which amount had not been paid to him at the time of his death.  This insurance was yearly renewable term insurance, and Mary Lucinda Jackson was the beneficiary under said policy, and after the death of her husband was entitled to monthly payments as beneficiary under said policy.

The Bureau of War Risk Insurance paid to the administrator of the estate of Mary Lucinda Singleton, formerly Jackson, the sum of $1,365.12, that being the monthly installments accrued from the date of the death of the insured to the date of the death of the beneficiary.

There was $455.04 of the monthly installments that accrued before the death of the insured after the death of the beneficiary.  The remaining unpaid installments were computed to a cash value in the sum of $8,925, together with the $455.04, and was paid by the Bureau of War Risk Insurance to Guy Patten, the administrator de bonis non of the estate of Lee Ray Jackson, deceased, and this is the sum which is in controversy here.  At the time of the death of Lee Ray Jackson he left surviving two sisters and a brother; his mother and father having predeceased him.  The sisters and brother of Lee Ray Jackson, the deceased insured, claimed this money as heirs of insured.  Charley Singleton, husband of the deceased widow and beneficiary, and George Davis and Maggie Davis, father and mother of the deceased widow, claim said fund as heirs of the deceased widow of Lee Ray Jackson.  The nearest relatives of the insured are Edith Cheek, Jewel Braziel, and Emmett Jackson, sisters and brother of insured.

The county court of Craig county, Okla.,

found in favor of defendants in error, Edith Cheek, Jewel Braziel, and Emmett Jackson for the $8,925, but awarded the $455.04 to plaintiffs in error, Charley Singleton, George Davis, and Maggie Davis. From this finding both parties appealed to the district court of Craig county, and this court found in favor of the defendants in error, Edith Cheek, Jewel Braziel, and Emmett Jackson, for all the money, for both the sum of $455.04 and the computed insurance in the further sum of $8,925, and from this judgment plaintiffs in error appealed to this court.

This case has been briefed and rebriefed. We have been furnished able and interesting briefs on the question involved here, and many authorities are cited. The contention is made by plaintiffs in error that this money, paid to the administrator de bonis non of the estate of Lee Ray Jackson, became vested assets of his estate at the date of his death and was inherited by his widow and child. Upon the death of the child the widow inherited the child's interest, and upon her death it passed to her heirs, to wit, her second husband and her mother and father. With this contention we cannot agree. The $455.04 due the insured upon the date of his death was a vested asset of his estate. It was money due the deceased soldier, and the right to collect the same vested in his representatives and passed to his heirs, to wit, his widow and child. Upon the death of the child the widow took the entire sum of $455.04. Upon the death of the widow it passed to her heirs, her second husband and her mother and father.

The monthly installments due the beneficiary, Mary Lucinda Singleton, formerly Jackson, were paid by the Bureau of War Risk Insurance to the administrator of her estate, and are not in controversy here. The remaining unpaid installments computed to a cash value in the sum of $8,925 were paid to the administrator of the estate of Lee Ray Jackson. This sum became an asset of the estate of Lee Ray Jackson upon the date of death of the beneficiary by virtue of the Act of Congress of June 7, 1924.

The Act of June 7, 1924, was amended by an act approved March 4, 1925, and thereby section 303 of the Act of June 7, 1924, was amended so as to read:

"Section 303. If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided, further, That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment; Provided, further, That in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate, but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917, U. S. Comp. Stat. 1925, sec. 9127½-303."

For the plaintiffs in error to take this property we must indulge in the fiction that it was the vested asset of the deceased on the date of his death. It only became an asset of the estate and payable to the estate upon the death of the designated beneficiary. The beneficiary did not take any of this insurance as an heir of the insured, but took it as a beneficiary and was only entitled to those sums that became due and payable.

Under no theory of the law can it be said that a mother and father of the beneficiary, widow of the insured, were the heirs of the insured. Neither can it be said that the second husband of the widow is an heir of the insured, or that the above named parties are in the permitted class. This question was before the Supreme Court of Kentucky in Sutton's Executor v. Barr's Administrator, 219 Ky. 543, in which the Supreme Court of Kentucky held that the heirs of the insured at the date of the death of the beneficiary took the property and not those who were his heirs at the date of his death. This is also followed by the Supreme Court of Kentucky in the case of Sizemore v. Sizemore, Gdn, 2 S. W. (2d.) 395.

We are of the opinion that the unpaid installments computed and paid to the administrator of Lee Ray Jackson go to the defendants in error, the two sisters and brother of the insured. The cause is therefore reversed and remanded, with directions

to the district court to enter judgment in accordance with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

KORNEGAY, J., disqualified, not participating.