[Civ. No. 8337. First Appellate District, Division One.—April 27, 1932.]

In the Matter of the Estate of WILLIAM SCHWALL, Deceased. MARGARET THERESA SCHWALL, Respondent, v. MAMIE DEERING et al., Appellants.

George L. Lang and Vincent Surr for Appellants.

William T. Sweigert for Respondent.

THE COURT.—An appeal from an order made pursuant to section 1465 of the Code of Civil Procedure, setting aside to Margaret Theresa Schwall, decedent's widow, certain proceeds of a war risk insurance policy as property exempt from execution under section 690 of the same code.

The facts are as follows: William Schwall died on December 2, 1925. By the terms of a war risk insurance policy issued to him while a soldier in the United States army during the World War the United States agreed to pay him the monthly sum of $57.50 if he became permanently and totally disabled while the policy was in force, and upon his death similar payments to his beneficiary, the total number of payments not to exceed 240. He named his sister, Mamie Deering, as the beneficiary under the policy, but failed to pay the premiums thereon after May 21, 1919. The beneficiary brought suit on the policy against the United States, and on May 22, 1930, it was adjudged that the deceased became permanently and totally disabled on May 21, 1919. Since December 2, 1925, the beneficiary has been and continues to be paid the monthly sums payable under the policy.

In August, 1924, Schwall married the petitioner herein, who subsequent to the rendition of the judgment mentioned was appointed the administratrix of his estate. As such administratrix, she made claim for the payments due under

said policy from May 21, 1919, the date of the permanent and total disability of the decedent, to December 2, 1925, the date of his death; and the United States Veterans' Bureau has paid to her as administratrix the sum of $4,085.92, the sum of $453.99 being withheld pending adjustment of the question of attorney's fees. These sums, upon the petition of Margaret Theresa Schwall, decedent's widow, were, by an order of the superior court in which the administration of the estate of decedent is pending, set aside to her as property exempt from execution under section 690 of the Code of Civil Procedure. The said sister and other heirs at law of the decedent contested the petition and have appealed from the order.

The World War Veterans' Act makes provision for payment under such policies to certain permitted classes and also to the insured during his total and permanent disability, and the above amount was paid to decedent's estate pursuant to section 451 of title 38 of the United States Code Annotated, which at the time of his death read as follows: "The amount of the monthly instalments of compensation, yearly renewable term insurance or accrued maintenance and support allowance which has become payable under the provisions of parts II, III, or IV of this chapter but which has not been paid prior to the death of the person entitled to receive the same may be payable to the personal representative of such person, provided that in cases where the estate of the decedent would escheat under the laws of the place of his residence such instalments shall not be paid to the estate of the decedent but shall escheat to the United States and shall be credited to the appropriation from which the original award was made." (June 7, 1924, chap. 320, sec. 26, 43 Stats. 614.)

In 1926 this section was amended to provide that in the absence of a duly appointed legal representative, where the combined amounts payable are $1,000 or less the director shall allow and pay such sums to such person or persons as would under the laws of the state of residence of the decedent be entitled to his personal property in case of intestacy. (July 2, 1926, chap. 723, sec. 3, 44 Stats. 792.)

Appellants contend that those who receive the benefits of war risk insurance take as beneficiaries and not as heirs; that the proceeds of such insurance must be dis-

tributed to designated persons within the permitted class as ascertained by the laws of succession of the state of residence of the insured and to which class all the parties here belong; and also that the facts make the state statutes upon which respondent relies inapplicable.

With one exception the precise situation here presented does not appear to have been passed upon. In *Canada* v. *Canada's Admx.*, 235 Ky. 747 [32 S. W. (2d) 330], one Jesse Canada held a war risk insurance policy for $5,000 in which his mother was named as beneficiary. He was discharged from the service on June 7, 1921, and married and died in 1924, leaving his widow Margaret and one son. In 1928 suit was commenced on the policy, and in 1929 a judgment was entered establishing the disability of Canada for a considerable period prior to his death. The United States paid to his widow as administratrix of his estate the sum of $1121.25, which was the aggregate of the monthly installments which became payable to him between the date of his disability and his death. The widow sued to have it declared that she was entitled to have set aside to her out of this fund the sum of $750, this being the amount of the widow's exemption under the Kentucky statute. The mother of decedent, being as stated the beneficiary named in the policy, intervened, claiming the entire fund. Judgment was entered in favor of the widow. The reviewing court, without discussing the possible effect of the federal statutes upon the claim of the widow, affirmed the judgment on the ground that the amount claimed was exempt under the state statute.

As stated, no other case involving the effect of the above section has been brought to our attention, but section 514 of the same title, providing for the payment of insurance to the estate of the insured where no beneficiary has been designated, or such beneficiary does not survive the insured, has been considered in numerous cases. This section, so far as material, provided that: "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament; or if the designated beneficiary does not survive the insured, or survives the insured and dies prior to receiving all of the 240 installments, or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of

the monthly instalments thereafter payable, said value to be computed as of the date of last payment under any existing award. . . . '' (June 7, 1924, chap. 320, sec. 303, 43 Stats. 625; March 4, 1925, chap. 553, sec. 14, 43 Stats. 1310.) A minority of the decisions hold that under this action the unpaid installments payable to the estate of the insured are to be distributed to his heirs of the permitted class designated by the act (*Sutton's Exr.* v. *Barr's Admr.*, 219 Ky. 543 [293 S. W. 1075]; *Estate of Hallbom*, 179 Minn. 402 [229 N. W. 344]; *Estate of Cross*, 152 Wash. 459 [278 Pac. 414]; *Cassarello* v. *United States*, 371 Fed. 486, 491; *Watkins* v. *Hall*, 107 W. Va. 202 [157 S. E. 876]; *State* v. *Security Bank of Creighton*, 121 Neb. 521 [237 N. W. 620]; *Price* v. *McConnell*, 153 Va. 567 (149 S. E. 515]). This rule was also followed in *In re Sabin's Estate*, 131 Misc. Rep. 451 [227 N. Y. Supp. 120, 121], but the decision was later overruled (see 224 App. Div. 702 [228 N. Y. Supp. 890]), and judgment ordered in accordance with the views expressed in *Ryan's Estate*, 129 Misc. Rep. 248 [222 N. Y. Supp. 253]. The contrary rule that such installments belong to the insured's estate and are distributable as part thereof and not to a certain class to the exclusion of others was declared in the following cases: *McQuade's Estate*, 88 Colo. 341 [296 Pac. 1023]; *Palmer* v. *Mitchell*, 117 Ohio St. 87 [55 A. L. R. 566, 158 N. E. 187]; *Turner* v. *Thomas*, (Tex. Civ. App.) [30 S. W. (2d) 558]; *Estate of Pivonka*, 202 Iowa, 855 [55 A. L. R. 570, 211 N. W. 246]; *Robbins' Petition*, 126 Me. 555 [140 Atl. 366;]; *Wade* v. *Madding*, 161 Tenn. 88 [28 S. W. (2d) 642]; *Whaley* v. *Jones*, 152 S. C. 328 [149 S. E. 841]; *Williams* v. *Eason*, 148 Miss. 446 [55 A. L. A. 574, 114 South. 338]; *Perrydore* v. *Hester*, 215 Ala. 268 [110 South. 403]; *Estate of Singer*, 192 Wis. 524 [213 N. W. 479]; *Hogan's Estate*, 77 Utah, 486 [297 Pac. 1007]; *Ryan's Estate, supra; Ogilvie's Estate*, 291 Pa. 326 [139 Atl. 826, 829]. And the latter view was approved in *Singleton* v. *Cheek*, 284 U. S. 493 [76 L. Ed. (Adv. Ops.) 308, 52 Sup. Ct. Rep. 257].

In the cases of *Succession of Geier*, 155 La. 167 [32 A. L. R. 353, 99 South. 76], and *Tax Commission* v. *Rife*, 119 Ohio St. 83 [162 N. E. 390], It was held that the intestate laws do not operate on the funds payable under the last section, but are referred to in order to determine who shall

take the proceeds of the insurance; and that consequently under the provision in the act that compensation and insurance payable thereunder shall be exempt from all taxation the same are not subject to a state inheritance tax.

In *Ogilvie's Estate, supra,* where it was contended that the fund paid under the provisions of the section last mentioned should be distributed by the state court to heirs who were of the permitted class, the court said: "The distribution of the funds under these insurance certificates is by a governmental agency and not through the court. When, however, the fund is transmitted to the insured's estate, as here, without limitation it passes under the control of the proper state court and is distributable thereby. We cannot assume that, with no suggestion to that effect, Congress intended to impose upon the state courts the duty of distributing such funds to a certain class in exclusion of others. . . . Waiving the question of the right of Congress to impose such a duty upon state courts, it is sufficient to say that it has not attempted to do so. . . . When Congress desired the fund to be specifically appropriated, as in the case of escheat, it was not turned over to the insured's estate; so, had Congress intended the fund for a certain preferred class we believe that it would have provided that such disposition be made directly by a government agency." We have referred to the amendment of 1926 to section 451. Under this amendment when the sums payable pursuant to the section are $1,000 or less the director shall pay the same to such person or persons as would under the laws of the state of residence of a decedent be entitled to his personal property in case of intestacy, and this without limitation to a class. The original and amendatory acts are properly considered together, and the intention of the law-making power gathered from a consideration of all the provisions enacted on the subject (23 Cal. Jur., Statutes, sec. 165, p. 787; *Harrigan* v. *Home Life Ins. Co.,* 128 Cal. 531, 538 [58 Pac. 180, 61 Pac. 99]). This amendment strongly indicates that it was not the intention at any time to limit this fund to a class, but to permit its distribution to all who would be entitled to decedent's personal property in case of intestacy; and this conclusion is supported by the construction placed upon section 514 by the majority of the decisions construing that

section and by the decision in *Canada* v. *Canada's Admx.,* *supra.*

We are satisfied, in view of the foregoing, that such is the correct construction of section 451, and the order is accordingly affirmed.