# Wells et al. v. Wells et al.

(Decided Oct. 6, 1933.)

E. B. WILSON, E. N. INGRAM, and JAMES S. WILSON for appellants A. C. Wells' administrator, Bessie Wells, and Jim Logan et al.

GOLDEN, GILBERT & GOLDEN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

Anderson C. Wells died on November 7, 1918, while serving as a soldier in the United States Army. At the time of his death his life was insured by the war risk insurance department in the sum of $10,000; his son, Herman F. Wells, being designated as the beneficiary of the policy entitling him to monthly payments of $57.50 each. Anderson C. Wells left surviving him no widow or children other than Herman Wells, but he left surviving him his father and mother and a number of brothers and sisters. The insurance fund constituted his sole estate. Herman F. Wells, as the beneficiary, collected the monthly installments under the policy until April 29, 1932, when he died intestate, leaving surviving him his widow, Bessie Wells, but no children. Some of his mother's next of kin also survived him. The installments accruing on the policy subsequent to the beneficiary's death were commuted into a lump sum of $4,025, and paid to the First State Bank of Pineville, Ky., as the administrator of the estate of Anderson C. Wells, the deceased soldier. The administrator brought this action against all the parties interested to obtain the judgment of the court as to the distribution of the fund. The parties filed answers in which the facts were not disputed, and this question was presented to the court: Is the fund to be distributed to the heirs of Anderson C. Wells in being at the date of his death or to heirs in being at the date of the death of his designated beneficiary? The circuit court held that the fund is distributable to a soldier's heirs in being at the date of the death of the beneficiary. From that judgment the appellants appeal.

574

The judgment of the circuit court followed the opinion of this court in Sutton's Executor v. Barr's Adm'r, 219 Ky. 543, 293 S. W. 1075, which is followed in Sizemore v. Sizemore's Guardian, 222 Ky. 713, 2 S. W. (2d) 395.

The question to be determined turns on the proper construction of the United States statutes on the subject. Since the above opinions of this court were written, the question was squarely presented to the United States Supreme Court in Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419, 81 A. L. R. 923, and it was there held that all installments, whether accruing before the death of the insured or after the death of the beneficiary, became assets of the estate of the assured as of the instant of his death, and must be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence; such heirs to be determined as of the date of his death and not as of the date of the death of the beneficiary. In the case of Flowers v. Flowers' Adm'r, 249 Ky. 203, 60 S. W. (2d) 596, where the question was again presented, the above cases, decided by this court to the contrary, were overruled, and the judgment of the trial court adjudging the fund to the heirs of the soldier as of his death was affirmed. That case is conclusive here.

Judgment reversed, and cause is remanded for a judgment as above indicated.