[Civ. No. 11078. First Appellate District, Division Two.—August 31, 1939.]

HENRIETTA LEWIS, Respondent, v. ROSALIE G. LEWIS, as Administratrix, etc., et al., Appellants.

424

Esmond Schapiro for Appellants.

P. A. Bergerot and A. P. Dessouslavy for Respondent.

STURTEVANT, J.—The defendants have appealed from a judgment in favor of the plaintiff rendered in an action to recover $2,058, the commuted value of and interest in a policy of life insurance paid by the United States of America to the defendant, Rosalie G. Lewis, as administratrix of the estate of Clarence E. Lewis, deceased. The action was tried before Honorable Donald Geary, Judge of the Superior Court of Sonoma County, presiding in department extra session number two in the city and county of San Francisco. After the trial the judge presiding prepared a written opinion. We have examined the record and the authorities cited by counsel with much care. The written opinion prepared by the trial judge is so clear and convincing that we adopt it as the opinion of this court. It is as follows:

"Clarence E. Lewis, unmarried, on April 9, 1918, became the insured in a yearly renewable term insurance policy for $10,000 issued by the Bureau of War Risk Insurance. The beneficiaries named therein were his father Edward J. Lewis and his mother Henrietta Lewis, the plaintiff herein. On August 23, 1921, Clarence E. Lewis married Rosalie G. Lewis, defendant herein, and a child, Clare Lewis was the result of that union. On January 15, 1924, Clarence E. Lewis died,

and his widow Rosalie G. Lewis became the legal administratrix of his estate. Thereafter, on September 8, 1924, this court by its order in the matter of the Estate of Clarence E. Lewis, deceased, authorized Rosalie G. Lewis, administratrix, to compromise all claims the estate of Clarence E. Lewis might have against the mother and father of said decedent, including 'any and all claims to a certain policy of insurance', being the one here involved. Thereupon, on September 13, 1924, there was paid to defendant herein, as administratrix of the Estate of Clarence E. Lewis, deceased, the sum of $21,500 in full settlement of all claims the said estate might have against Edward J. Lewis, and Henrietta Lewis, the plaintiff herein. On the same day there was paid to defendant Rosalie G. Lewis by said Edward J. Lewis and Henrietta Lewis the sum of $2,500 in compromise of any and all claims which said Rosalie G. Lewis, individually might have against said parties. Upon the payment of the above mentioned sums Rosalie G. Lewis, as administratrix, and individually, executed two instruments acknowledging payment and the purposes thereof. On April 9, 1925, the Estate of Clarence E. Lewis was distributed to Rosalie G. Lewis and the minor child. No mention is made in the decree of distribution of the insurance policy in question, nor of monies due or to become due thereunder, although the decree does include an 'omnibus' clause.

''Subsequent to the death of the insured veteran, his mother and father, as beneficiaries, received the monthly benefit payments as provided in the policy. On April 29, 1937, Edward J. Lewis, father of the deceased veteran, died. At his death there remained the sum of $2,058 unpaid on the policy which Edward J. Lewis would have received had he lived until January 16, 1944. Shortly before his death, Edward J. Lewis and the plaintiff herein executed a writing wherein they declared that all claims and obligations held by them were their joint property.

''Thereafter and about May 1, 1938, the Bureau of War Risk Insurance, pursuant to the provisions of World War Veterans' Act, sections 303 and 22 (38 U. S. Code, sections 514 and 454) paid to defendant the sum of $2,058 as the commuted value of the unpaid instalments which would have been paid to Edward J. Lewis, plaintiff's husband, had he lived the full instalment period. Plaintiff, mother of de-

ceased, thereupon instituted this action to recover said amount so paid to defendant herein.

"Section 303, of the World War Veterans' Act, 38 U. S. C. A. sec. 514, as applicable here, provides:

" 'If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament *or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty instalments* or all such as are payable and applicable, *there shall be paid to the estate of the insured the present value of the monthly instalments thereafter payable,* said value to be computed as of date of last payment made under any existing award; . . . ' (Italics by court.)

"The former section 22, of said Act (38 U. S. Code section 454) provides:

" 'The compensation, insurance, and maintenance and support allowance payable under Parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable.

" 'The provisions of this section shall not be construed to prohibit the assignment by any person to whom *converted* insurance shall be payable under Part III of this chapter of his interest in such insurance to any other member of the permitted class of beneficiaries.' (Italics by court.)

█ "The policy in question here was never converted by the insured into any one of the numerous standard policies but remained a term policy for successive periods of one year each. Hence the right of assignment granted by section 454 to beneficiaries mentioned in Part III, chapter 10, does not apply here. (*Perrydore* v. *Hester,* 215 Ala. 268 [110 So. 403, 405].)

"The defendant herein contends that the written instruments upon which plaintiff relies cannot be construed to apply to, nor include the commuted value of the life insurance policy; and, even granting that these instruments exe-

cuted by defendant are assignments (as contended by plaintiff) the same are void by reason of the provisions of section 454.

"In the Matter of the Estate of Clarence E. Lewis, deceased, S. F. No. 38846, defendant, as administratrix, on or about September 2, 1924, filed her Petition for Leave to Compromise, wherein was recited, that a certain policy of insurance was issued upon the life of said deceased by the United States Veterans Bureau; that the beneficiaries named in said policy were Edward J. Lewis and Henrietta Lewis, his parents, and the policy was for the aggregate sum of $10,000 payable in monthly installments to said beneficiaries. By paragraph VIII it is alleged 'Said Edward J. Lewis and Henrietta Lewis have offered to settle and compromise said pending litigation and the whole thereof, and all claims and demands of every kind, character and description whatsoever, including any and all claims to said policy of insurance aforesaid, and to all monies payable thereunder, that at the time of his death, said Clarence E. Lewis had against them or either of them, or that said petitioner, or the estate of Clarence E. Lewis now has or ever had against said Edward J. Lewis and Henrietta Lewis, and each of them, for or by reason of any matter or thing whatsoever, for the sum of $21,500 lawful money of the United States.

" 'Wherefore, your petitioner prays . . . that an order be made authorizing, empowering and directing your said petitioner, as Administratrix of the Estate of said Clarence E. Lewis, deceased, to accept said offer, and for said sum of $21,500 . . . to settle, compromise and adjust all of said litigation and all claims and demands of every kind, character and description whatsoever that said Clarence E. Lewis ever had, or that your petitioner, or the Estate of Clarence E. Lewis, deceased, ever had, or now has against said Edward J. Lewis and Henrietta Lewis . . . '

"Thereafter, on September 8, 1924, the said court made its order Authorizing Compromise, which reads in part:

" 'Now, therefore, it is hereby ordered, that said petitioner Rosalie G. Lewis, as administratrix of the Estate of Clarence E. Lewis, deceased, be and she is hereby authorized, empowered and directed . . . to settle, compromise and adjust all of said litigation and claims and demands of every kind, character and description whatsoever that said Clarence E.

Lewis ever had or that said petitioner as such administratrix, or the Estate of said Clarence E. Lewis, deceased, *ever had or now has against said Edward J. Lewis and Henrietta Lewis* or either of them, *including* any claim and *all claims to said insurance policy or to any of the proceeds thereof, or to any of the moneys payable thereunder.'* (Italics by the court.)

"As a result of the petition and order mentioned two separate releases and acquittances were executed by defendant, as administratrix and individually which recite in part:

" 'Know all Men by These Presents

" 'That I, Rosalie G. Lewis . . . have released and forever discharged, and by these presents do release and forever discharge the said parties of the second part, and their and each of their heirs, executors, administrators and assigns of and from all moneys, dues, accounts, obligations, agreements, damages and all other claims and demands of every kind, character and description whatsoever, both in law and equity, which, at the time of his death, said Clarence E. Lewis had against said parties of the second part or either of them, or which I . . . have or ever had or the estate of said deceased has or ever has had against said parties of the second part, or either of them for or by reason of any matter or thing whatsoever from the beginning of the world to the date of these presents, including any and all rights or claims *which I, . . .* have or ever had *or which the estate* of said deceased *has or ever has had to, through, under or by reason of a certain policy of life insurance* (being the one in question), . . . in which policy the said parties of second part were named as beneficiaries and all claims which I, as administratrix of the estate of said deceased has or ever had through or by reason of premiums paid for such insurance. And *I do hereby waive, surrender and assign* unto the parties of the second part *all right and claim which I as such administratrix may have,* or which the estate of said deceased has in or to said insurance *and any money now or hereafter payable thereunder.'* These releases were witnessed by Theo. J. Roche then attorney for Rosalie G. Lewis, Administratrix. (Italics by court.)

"A fair reading of the Petition for Leave to Compromise, The Order Authorizing Compromise and the 'release and acquittance' executed by defendant both as administra-

trix and individually when considered together convinces it was the clear intent and purpose of all parties concerned that defendant individually and as administratrix was to, and did, release and assign all past, present, and future claims in all sums due or to become due under the policy. Indeed, no other import can be drawn from the language of the instruments and the facts and circumstances surrounding seem conclusive. As a consideration for the 'release and acquittance' defendant as administratrix, and individually received the sum of $24,000 cash; not an inconsiderable sum. While it is true this sum was paid to discharge claims other than those arising from the policy, the amount paid and the language of the acknowledgments indicate it was the intent of the parties to effect a final and complete settlement and assignment of all claims of defendant, individually and as administratrix, past, present, and future.

"By the terms of the insurance certificate it was expressly provided that it was subject to the provisions of the War Risk Insurance Act, of any amendments thereto, and of all regulations thereunder, 'now in force or hereafter adopted', which language has been held to include changes in the Act itself as well as in the regulations. It has likewise been held that in view of the peculiar character of the insurance contract between insured and the United States the rights of beneficiaries thereunder were subject to any subsequent modification. (*White* v. *United States*, 270 U. S. 175 [46 Sup. Ct. 274, 70 L. Ed. 530, 538].) On March 4, 1925, and subsequent to the death of the insured, the Act was amended so to provide if the designated beneficiary should not survive the insured or, if he should survive him and then die prior to receiving all of the instalments payable to him under the policy, the value of the remaining unpaid instalments shall be paid to the estate of the insured. This amendment by its terms was retroactive and in effect as of October 6, 1917. Hence, the value of the unpaid instalments payable under the policy to Edward J. Lewis vested in the estate of Clarence E. Lewis as of the instant of his death, and as an asset thereof was subject to distribution in accordance with the intestacy laws of this state. (*Singleton* v. *Cheek*, 284 U. S. 493–497 [52 Sup. Ct. 257, 76 L. Ed. 419–422, 81 A. L. R. 923], *Estate of Schwall*, 123 Cal. App. 106, 110 [10 Pac. (2d) 1013], and cases there cited.) As an asset of the Estate of Clarence E.

Lewis such monies would ordinarily be subject to and distributable by the 'omnibus' clause in the decree of distribution therein. Since, however, during the probate proceedings of said estate the interest of the estate in the commuted value of the policy was duly and regularly ordered to be, and was assigned and transferred out of the estate for a valuable consideration no interest in the policy or the proceeds thereof remained upon which the omnibus clause could operate.

■ Court and counsel must be deemed to have acted in the matter with knowledge of the existing provisions of the War Risk Act and the possible effect of amendments thereto. There is nothing in the Act that prohibits such assignment and transfer as is involved here. By the terms of the Act and the amendments thereto the value of the unpaid instalments had vested in the estate and were part and parcel thereof during the course of probate. There remained the mere mechanics of payment by the Bureau to the estate. By vestment of these monies in the estate of Clarence E. Lewis under the control of the probate court the obvious purpose and the express provisions of the statute were met. The United States had no further interest therein. (*Wilson* v. *Fisher*, (Tex. Civ. App.) 105 S. W. (2d) 304, 311 (cert. den. 302 U. S. 746 [58 Sup. Ct. 264, 82 L. Ed. 577]); *Bostrom* v. *Bostrom*, 60 N. D. 792 [236 N. W. 732, 735].) This must be deemed particularly true, where as here, the very purpose of the statutory provision against assignment is not frustrated but properly applied under the guidance and judgment of the probate court.

■ ''On April 28, 1937, the day before his death, Edward J. Lewis and plaintiff herein executed a joint tenancy agreement by which '*all* notes, bonds, debentures, certificates of indebtedness and other obligations and evidences of debt' belonging to them as community property, or to either as separate property were assigned and set over to them as joint tenants with the right of survivorship. It appears clear it was the plain intent of the parties to convert title to all the personal property which they, or either of them, held into one of joint tenancy with the right of survivorship. The declaration is sufficient. At all events the deficiency therein—if any there be—is of no direct concern to defendant Rosalie G. Lewis and ought, and will not be permitted

to relieve her of any measure of her liability as declared in her written obligation.''

After the trial court had rendered its judgment, the defendants made a motion for a new trial. They earnestly contended, and now contend, that the alleged assignment by its terms applied to past and present claims and not to future claims. That contention presented a mixed question of law and fact. The trial court, as shown above, ruled against the contention of the defendants. Its construction appears to be consistent with the true intent of the parties and where that is the case a court of review will not substitute another interpretation though it should seem equally tenable. (*Kautz* v. *Zurich Gen. A. & L. Ins. Co.*, 212 Cal. 576, 582 [300 Pac. 34].) Again they earnestly claimed, and now claim, that the alleged assignment was null and void. (*Waltz* v. *Waltz*, 121 Ohio St. 46 [166 N. E. 896]; *Robertson* v. *Mc-Spadden*, 46 Fed. (2d) 702.) Neither authority supports their contention. In the first case the facts were that Roy O. Waltz, a soldier in the world war, took out the insurance. He designated his father and mother as the beneficiaries. Later he married Dorothy Waltz. On August 9, 1918, he died intestate without issue. On May 30, 1918, he directed his father and mother to pay a part of the insurance to his wife. On December 19, 1927, the father died and shortly afterwards an administrator of the estate of the deceased soldier was appointed. The insurance was commuted and $3,065 was paid to the administrator of the estate of the insured. Out of that money a family allowance was set aside to the widow of the deceased. That order was affirmed. The judgment was clearly in harmony with the judgment in the instant case and not opposed to any part thereof. In the Robertson case the beneficiary attempted to make an assignment and the parties appeared in court and the trial court entered a consent decree approving the purported assignment. On appeal it was held that the purported assignment was prohibited by the provisions of section 454 of Title 38, U. S. C. A. We do not understand either party in the instant case questions that rule. In the instant case the trial court ruled against the defendants and in effect held that section 454 does not extend the exemption beyond the insured and beneficiary. Its ruling was clearly correct. Since the findings were signed similar questions have arisen and at this time the question is not even

an open one. (*Pagel* v. *Pagel*, 291 U. S. 473, 476 [54 Sup. Ct. 497, 78 L. Ed. 921]; *Walker* v. *Queener*, (Tenn.) 124 S. W. (2d) 236; *In re Henry's Estate*, 153 Misc. 208 [275 N. Y. Supp. 454]; *Hale's Admr.* v. *Taylor*, 235 Ky. 435 [31 S. W. (2d) 695]; *Eblen* v. *Jordan*, 161 Tenn. 509 [33 S. W. (2d) 65].)

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 30, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 30, 1939.